## UNITED STATES *v*. BENECKE.

1. An indictment against A., found Sept. 11, 1875, charged that in March, 1868, he, as agent and attorney of B. and C., did withhold, and continued thereafter to withhold from them, certain money which he, as their agent and attorney, had received from the United States by the collection of their respective claims for "pay and bounty" and "arrears of pay and bounty." *Held*, 1. That the acts charged are not an offence under sect. 13 of the act of July 4, 1864 (13 Stat. 389). 2. That sect. 31 of the act of March 3, 1873 (17 id. 575, Rev. Stat., sect. 5485), was not intended to apply to a case where the money had been withheld before its passage.
2. The word "claimant" in said sect. 13 means a person who, under the act of July 4, 1864, has a claim before the pension office.

CERTIFICATE of division in opinion between the judges of the Circuit Court of the United States for the Western District of Missouri.

The facts are stated in the opinion of the court.

*Mr. Assistant Attorney-General Smith* for the United States. *Mr. Louis Benecke, in propria persona, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

The defendant, Louis Benecke, was indicted in the District Court for the Western District of Missouri, and the sixth and tenth counts of the indictment charged him with unlawfully withholding arrearages of pay and bounty from persons for whom, as agent and attorney, he had collected the same from the United States.

In the one case, the date was alleged to be the sixteenth day of March, 1868, and in the other the 17th of the same month, and in both continuing thereafter.

On these counts the defendant was found guilty in the Circuit Court; and on motion for a new trial and arrest of

judgment the judges of that court certified six questions of law to this court on which they differed, as applicable to the case.

The first of these is thus stated : —

Is wrongfully withholding back pay or bounty by an agent or attorney from a claimant an offence under sect. 13 of the act of July 4, 1864 (13 Stat. 389), or under sect. 31 of the act of March 3, 1873 (17 id. 575), sect. 5485, Rev. Stat. ?

The act of 1864 is entitled " An Act supplementary to an act entitled ' An Act granting pensions, approved July 14, 1862.' " It consists of fifteen sections, the twelfth of which is devoted to prescribing specifically the compensation of agents and attorneys for procuring the allowance of pensions and bounty, or other claims, under the act; and the thirteenth section, to prescribing a punishment for violation of the twelfth. It is as follows : —

" Sect. 13. And be it further enacted, that any agent or attorney who shall, directly or indirectly, demand or receive any greater compensation for his services under this act than is prescribed in the preceding section of this act, or who shall contract or agree to prosecute any claim for a pension, bounty, or other allowance under this act, on the condition that he shall receive a per centum upon [ , or] any portion of the amount of such claim, or who shall wrongfully withhold from a pensioner or other claimant the whole or any part of the pension or claim allowed and due to such pensioner or claimant, shall be deemed guilty of a high misdemeanor, and upon conviction thereof shall, for every such offence, be fined not exceeding $300, or imprisoned at hard labor not exceeding two years, or both, according to the circumstances and aggravations of the offence."

There is here no provision in regard to services for procuring pay, nor any provision in the act regarding it. The pensions to soldiers, their widows and orphans, is not pay, and the provisions for paying them are not under that act. Arrearages of pay were not collected under any pension law, or through the pension office. What is meant by bounty here is said in the briefs to be also passed upon and paid in another bureau. The indictment is perhaps on this point a little obscure. In the sixth count the defendant is charged as guilty of with-

holding *arrearages* of *pay and bounty*, and in the tenth with withholding pay and bounty.

Since the act in which this offence is described makes no provision for pay or for bounty, and the fees regulated and the acts forbidden are those done in regard *to that act*, it seems a reasonable construction of the penal part of the .statute that withholding *pay* and *bounty*, which are not mentioned there, are not intended to be punished by the act.

It is not in reference to pay that Congress was legislating. The persons described who may be guilty are those prosecuting claims for *pensions* or bounty before the pension office. The offence described is "withholding from a pensioner or other claimant the whole or any part of. the claim allowed and due said pensioner or claimant," and it is but a just limitation of the word "claimant" that he should be a claimant under that act, a claimant before the pension bureau.  This part of the section is to be taken in connection with the taking of illegal fees, which manifestly refers to cases before the pension office, and which are described and punished in the same sentence and by the same penalty.  The word "bounty" is not used in this sentence, nor the word "pay," but the argument is that the word "claim" includes them.  We think this would be an unjustifiable extension of a penal statute beyond its terms and against its purpose.

The first question is, therefore, to be answered in the negative, and we need not inquire if the statute was repealed, since the offence described in the indictment is not within it.

The offences in this indictment are said to have been committed in 1868.  The law then in existence did not make the act charged a crime.  It is argued by counsel that withholding the money due is a continuous offence, and if the same money was withheld after the act of 1873 did make such withholding punishable, the indictment is good under that act.  But without deciding here how far the withholding the money under a law which made that an offence when the wrongful withholding began, can be held to be a continuous offence, we are of opinion that it would be a forced construction of the act to hold that it was intended to apply to a case where the money had already been withheld five years when the statute was passed.  The

party might very well be criminally wrong in failing to pay when he received it; but Congress could hardly be supposed to intend to punish as a crime his failure to pay afterwards what was in law but a debt created five years before.

This answers the fifth question, namely, " Can the defendant be punished under sect. 31 of the act of March 3, 1873?" These answers also render unnecessary a reply to the others.

It is, therefore, ordered to be certified to the Circuit Court that the first and fifth questions are answered in the negative, and that answers to the others are thereby rendered unnecessary.

*So ordered.*