**HINES, Director General of Railroads, et al. v. BUTLER et al.**

(Circuit Court of Appeals, Fourth Circuit. November 1, 1921.)

No. 1871.

**1. Shipping ⊂⟞11—Regulations for protection of life and property apply more strongly to boat which is where it can be inspected every day.**

Where a steamship running between Baltimore and Norfolk was practically a ferryboat, and was in one of such ports every day, being absent only at night, and hence was where it could be daily under inspection of the owner, all regulations intended for the protection of human life and property apply more strongly thereto than to a boat whose stay in port is only such as may be after the termination of a voyage of more or less duration.

**2. Shipping ⊂⟞208—Owner not immune from liability for fire, where facts showed conditions long existing and which should have been provided against.**

Where there was such an entire absence of due preparedness and precautions to meet contingencies of fire on board a steamship, as well as such a total breakdown of discipline as to show that they were the inevitable and natural results of conditions long existing, which it was the duty of the owner to take proper measures to provide against, the owner was not exempt from liability under Rev. St. § 4282 (Comp. St. § 8020), exempting the owner of any vessel from liability for fire, unless caused by his design or neglect.

**3. Shipping ⊂⟞208—Owner entitled to limit liability for damage to property from fire caused by his neglect, where without privity.**

Although an owner of a steamship is liable for damages from fire under Rev. St. § 4282 (Comp. St. § 8020), because of his negligence, he is entitled to limit his liability for the destruction of goods or merchandise to the amount of the value of the vessel and her freight then pending, under section 4283 (section 8021), where the loss and damage occurred without his privity or knowledge.

**4. Shipping ⊂⟞207—Owner not entitled to limit liability for damage to passengers from fire.**

Act Feb. 28, 1871, passed to provide for the better security of life on board steam vessels, and embracing Rev. St. § 4493 (Comp. St. § 8269), making vessels and their owners liable for the full amount of damage sustained by any passenger from fire happening through any neglect or failure to comply with the provisions of that title, etc., makes exceptions in favor of passengers to the general rule of limitation of liability contained in sections 4282 and 4283 (Comp. St. §§ 8020, 8021), and the owner is not entitled to a limitation of liability for damages sustained by passengers from fire, when due to his negligence.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit in admiralty for limitation of liability by Walker D. Hines, Director General of Railroads, and another, against John H. Butler and others. From an adverse decree (264 Fed. 986), plaintiffs appeal. Affirmed.

Certiorari denied 257 U. S. ——, 42 Sup. Ct. 185, 66 L. Ed. ——. See, also, 266 Fed. 437.

⊂⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

L. Vernon Miller and George Weems Williams, both of Baltimore, Md. (Marbury, Gosnell & Williams, of Baltimore, Md., on the brief), for appellants.

George Forbes, George Washington Williams, J. Purdon Wright, and John Henry Skeen, all of Baltimore, Md. (John Phelps, John H. Richardson, Louis S. Ashman, Frank, Emory & Beeuwkes, William D. Roycroft, Eugene O'Dunne, Stewart & Pearre, Milton Roberts, and James U. Dennis, all of Baltimore, Md., and J. Winston Read, of Newport News, Va., on the brief), for appellees.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

SMITH, District Judge. This is an appeal from a decree in admiralty of the District Court of Maryland, filed August 11, 1920. There is a large mass of testimony, but the general facts of the case are fully set out in the opinion of the learned District Judge, filed April 2, 1920.

From the testimony and the opinion of the court it appears that the steamship Virginia belonging to the Baltimore Steam Packet Company, which company was owned by the Seaboard Air Line Railway Company, was taken over by the government of the United States when it took over the rest of the property of the Seaboard Air Line Railway Company for operation under the war emergency statutes, and the steamships of the company were operated by the official Director General of Railroads, as was the railroad property.

The steamship Virginia formed one of a line which plied on regular trips between Baltimore and Norfolk, Va., carrying both passengers and freight. On the 23d of May, 1919, in the afternoon or evening, a fire broke out on the Virginia, then on her way to Norfolk, which resulted in her practical destruction. Most, if not all, of her freight was consumed; her passengers were forced hastily to abandon the ship, and some of them were drowned, although most were saved, and, of those who were saved, some of the survivors suffered injuries, more or less serious. They were able to rescue from the steamer only the clothes they had on, and whatever they could, under the sudden alarm, carry away in their hands.

At the time of the loss of the steamer by fire, the weather was fair and the sea was calm. Had it been otherwise, there would have been in all probability much greater loss of life. From the testimony it appears that there was an entire lack of fire apparatus in proper condition to fight the fire, and also great lack of discipline and proper conduct on the part of the crew. None of the fire apparatus could be used. There does not appear to have been any one who knew how to do this, or put it in use, and there was, generally speaking, a total lack of discipline and method in attempting to make use of any appliances that should have been in order, and in attempting to remove with safety and in order the passengers when it was necessary to leave the ship.

It is not putting it to strongly to say that it appears from the testimony and the findings of the learned District Judge that there was

presented a most disgraceful condition in the necessary arrangements to protect the ship and passengers in case of fire, and the necessary discipline and order which should exist for the removal of passengers from a ship threatened with destruction by fire. The conclusions of fact of the learned District Judge on this point are entirely supported by the testimony.

In the court below, libels were filed against the Director General of Railroads in personam by the owners of the cargo destroyed, for the value of their property, and by passengers, both for the value of their baggage lost, as well as for injuries inflicted on the passengers who escaped and for the deaths of such as lost their lives. Thereupon, on behalf of the Director General of Railroads, application was made for a limitation of liability under sections 4282 and 4283 of the United States Revised Statutes (Comp. St. §§ 8020, 8021). Upon the hearing below, the learned District Judge held that the evidence showed such neglect on the part of the owner of the vessel that he was not entitled to freedom from liability as provided in section 4282; but that the Director General of Railroads was entitled to limit his liability to the value of the vessel and her freight then pending under the provisions of section 4283, as against any property, goods, or merchandise shipped on the boat and destroyed in the fire. In other words, it was held by the District Court that the Director General of Railroads was not entitled to exemption from all liability under section 4282, because the testimony established that the fire was caused by the neglect of the owner. It was further held that, as against merchandise shipped for transportation, the Director General was entitled to limit his liability under the provisions of section 4283, because the loss and damage occurred without the privity or knowledge of the owner.

With regard to the claims of passengers for loss of baggage, for personal injuries, and for death, the District Court held that it appeared from the testimony that there appeared to have been a violation of the provisions of the statute in that the Director General of Railroads, the petitioner, had not seen to it that the rules and regulations of the act of February, 1871 (16 Stat. 440), providing for the better security of life on board of vessels propelled in whole or in part by steam, were not violated, and that under the provisions of section 4493 of the United States Revised Statutes (Comp. St. § 8269) the petitioner was not entitled to limit his liability, but was liable to the full extent for the full amount of the value of the baggage and to the extent of the injury to the passengers. From this decision this appeal has been taken.

While the argument post hoc propter hoc does not apply for the establishment of the fact of negligence, yet it is manifest from the testimony that so appalling an absence of all ready preparation to meet a fire such as this was should rationally lead to the inference that there was precedent negligence on the part of some one and some failure to observe the regulations prescribed to prevent such an occurrence.

[1] In the present case, the Virginia was operated as one of a line which may be termed as analogous to a ferry line. It plied between Baltimore and Norfolk on regular trips, apparently, from the testimony, leaving Baltimore one night for Norfolk, and leaving Norfolk the next night to. return to Baltimore. It was not the case of a sailing vessel or ocean steamship, which leaves for a voyage of more or less duration, and as to which the owner cannot do more than see, at the time it leaves the wharf for its voyage of uncertain duration, that it is staunch, seaworthy, and properly equipped. In the case of the Virginia, as in the case of any other ferryboat over waters of some length, the vessel was at a known point. It was in port every day, being absent only at night. If Baltimore was the home port, it was in Baltimore every other day; but, as Norfolk was equally a port in which refitting or inspection can be done, it was practically in a place where it could be daily under inspection of the owner.

It was a boat used for the purpose of transporting passengers between these two points, and supposedly passengers upon every trip, and necessarily all of the regulations intended for the protection of human life and human property would apply more strongly to a boat of this character than to a boat whose stay in port is only as may be after the termination of a voyage of more or less duration. The position of a ferryboat daily carrying numbers of passengers is quite different from that of a mere cargo steamer, going to different ports as business may call it.

[2] It is evident, from the facts found by the court below, that there was such an entire absence of due preparedness and precautions, with apparatus ready to be put into use to meet contingencies of fire, as well as such a total breakdown of discipline at the critical moment, as to show that they were the inevitable and natural results of conditions which had long existed, and which it was the duty of the owner of the vessel to take proper measures to provide against. It equally follows, from the testimony and the findings of the learned judge below, that the failure to take such necessary and proper precautions to ascertain the existence of what was necessary in common prudence to protect from such a casualty, and to see that provision was made against it, was negligence on the part of the owner, and that, that being the case, the petitioner is not entitled to exemption from liability as provided under the terms of section 4282. The evidence also established, as found by the judge below, that there was neglect or failure to comply with the provisions of title 52 of the United States Revised Statutes, and that the spread of the fire and the consequent loss and injury happened through such neglect or failure.

[3] Without again repeating the decisions referred to by the District Judge, we agree with him that, although the liability exists under section 4282, yet the owner is entitled to limit that liability, so far as the destruction of any goods or merchandise shipped on such vessel is concerned, under the provisions of section 4283, to the amount of the value of the vessel and her freight then pending.

[4] With regard to the claims of the passengers for injuries to person, and death injuries, and the loss of baggage, a different ques-

tion is presented. The exemption from liability and the limitation of liability given in sections 4282 and 4283, United States Revised Statutes, are taken from the statute passed in 1851 (Comp. St. §§ 8020–8027); and, as has been often held, that statute, which was passed for the purpose of encouraging the building-up of the American marine, is to be liberally construed.

In 1871, 20 years later, the act was passed to provide for the better security of life on board of vessels propelled in whole or in part by steam, and for other purposes. The very evident purpose of this act was to provide for the better security of passengers. It is admitted that the provisions of section 4282 apply only to goods and merchandise shipped for transportation and do not apply to passengers and their baggage. The last act of 1871 was expressly to apply to this purpose, and that contains the section now known as section 4493, Revised Statutes.

It is difficult to resist the conclusion and the reasoning of the Circuit Court of Appeals of the Ninth Judicial Circuit in the case of The Annie Faxon, 75 Fed. 312, 21 C. C. A. 366. Interpreting the provisions of the act of 1851 with those of the act of 1871, or sections 4282, 4283, and 4493, together, the construction would appear to be that as they are statutes upon the same subject, that the earlier one creates a general rule of limitation of liability as then existing and the later statute proceeds to make exceptions for the better security and in favor of passengers. The earlier act applies to all vessels; the later act applies only as to affording better security of life on board of steam vessels, where the risk of fire may be greater.

Without repeating here the different decisions referred to and analyzed by the learned District Judge, it is sufficient to say that we concur in his conclusions, and find nothing in any decision of the Supreme Court that would require a contrary holding. Nor do we find any ground for reversing the conclusion of the court below that the death of the passenger Caroline R. Taggert was due to the results of the fire.

The decision below is accordingly affirmed.