## *In re* LEONARD and others.

*(District Court, S. D. New York. August 12, 1882.)*

1. COLLISION—LIMITED LIABILITY—JURISDICTION.

    Proceedings to limit the liability of ship-owners may be instituted in a district where a fund or claim equitably representing the lost vessel is in litigation, though the petitioners reside in another district.

2. SAME—RULES OF MARITIME LAW.

    Under the decision of the supreme court (October term, 1881,) in *Nat. Steam Nav. Co.* v. *Dyer*, that the statute limiting the liability of ship-owners is to be administered in our courts as a general rule of maritime law, proceedings to limit liablity may be instituted by the owners of an American vessel against foreign as well as against domestic ships, or their owners, in respect to claims arising from collisions upon the high seas.

3. SAME—EQUITABLE CLAIM TO PROCEEDS.

    Where the American schooner J. M. L. and her cargo were totally lost in a collision at sea with the British steamer A., and on a libel *in personam* in this court an interlocutory decree had adjudged the owners of each vessel to pay half the damages, and pending a reference thereon the owners of the schooner filed a petition to limit their liability in respect to half the cargo lost; *held*, that this court had jurisdiction of the proceeding, and was the most appropriate court to determine whether the fund to be derived from the steam-ship for the loss of the schooner, being her only remaining proceeds, should be paid over to the trustee, or retained by the owners of the schooner, or secured to the owners of the lost cargo, by provisions in the final decree in the former suit to the extent of their claim, or to the extent necessary to save the steamer from liability for lost cargo beyond the terms of the interlocutory decree.

4. SAME—INNOCENT PART OWNERS.

    Though the master, a part owner, be privy to the negligence which caused the loss, the other innocent part owners may have the benefit of the statute.

In Admiralty.

*Scudder & Carter* and *Geo. A. Black*, for petitioners.

*Foster & Thompson* and *R. D. Benedict*, opposed.

BROWN, D. J.   The petitioners are the owners of the schooner Job M. Leonard, an American vessel which was sunk in April, 1877, by a collision with the British steam-ship Aragon, about 15 miles south of Long Island.   Nothing was saved of the schooner, or of her cargo. Upon a libel *in personam* thereafter filed in this court by the petitioners against the owners of the steam-ship, an interlocutory decree was entered in December, 1879, adjudging both vessels in fault, and that each pay half the damages.   *Leonard* v. *Whitwell,* 10 Ben. 638, 658.

In February, 1880, the present petition was filed alleging that the collision occurred without the privity or knowledge of the petitioners, and claiming the benefit of the limited liability act, (Rev. St. §§ 4283, 4285,) specially in reference to their personal liability for the value of the remaining one-half part of the cargo to the owners thereof.   The owners of the steam-ship have filed exceptions to the petition, alleging that all the petitioners are residents of Massachusetts, and not of this district, and that the owners of the steam-ship Aragon are British subjects and neither residents, nor served with notice of these proceedings, within this country; and they, therefore, deny that this court has jurisdiction of the proceedings, or that the statutes in question can be invoked or applied as against a British vessel in respect to a collision on the high seas.

The point raised by the exception last named is so plainly covered by the emphatic language of the supreme court in the case of *The National Steam Navigation Co.* v. *Dyer,* decided at the last term, that I cannot consider it an open question in this court; although the present case differs from that in the circumstance that here the foreign vessel is resisting the application of our statutes to the collision on the high seas, while in the case of the Kate Dyer, the foreign vessel was invoking the benefit of the statutes as respects a similar collision.   But not only was the decision of the supreme court in that case put upon the ground that the statutes in question were to be treated by our courts as forming a part of the general maritime law and "the rule by which, through the act of congress, we have announced that we propose to administer justice in maritime cases;" but the supreme court further expressly say: "Of course the rule must be applied, if at all, *as well when it operates against foreign ships, as when it operates in their favor.*"   In the case at bar the statutes, as it is supposed, may operate *against* the foreign ship by increasing her liability to the owners of the lost cargo by relieving the petitioners from the half they have been adjudged to pay; and this

petition is opposed on that ground. Whether that result shall follow or not, (which need not be here determined,) it is clear, I think, that the supreme court have declared the maritime rule of our courts to be in accordance with this statute, as well when adverse to, as when for the benefit of, foreign ships or foreign owners, and any limitation upon the rule thus broadly announced must be sought in that court and not here.

The other exception to the jurisdiction on the ground that none of the petitioners reside in this district, and that neither the schooner, nor any part of it, or of the cargo, are within this jurisdiction, should also be overruled; not only because the statute expressly authorizes the proceedings to be instituted "in any district," (*The Alpena*, 8 FED. REP. 280,) but because there are special reasons why this district is the appropriate one in this case.

The persons chiefly, if not solely, interested in opposition to the petition are the owners of the lost cargo, and the owners of the Aragon. The latter, by the interlocutory decree of this court, have already been adjudged to pay one-half of the entire damages arising from the collision, and a 'reference to ascertain the amount is still pending. One avowed purpose of the petitioners in these proceedings is to be exempted from liability to pay for their half part of the cargo lost, which, by the interlocutory decree, they have been adjudged to pay, while retaining to their own use the one-half part of the value of the schooner, which they expect to recover from the owners of the Aragon through the final judgment of this court. If this can be legally done through the proceedings now instituted, then the owners of the Aragon, after paying for one-half of the cargo under that decree, will still remain liable to the owners for the other half of the cargo, (*The Atlas*, 93 U. S. 302;) and the intention of the interlocutory decree of this court, that the owners of each vessel sustain and pay one-half of the damages, (10 Ben. 658,) will be evaded, to the manifest injury and loss of the owners of the Aragon. The latter have, therefore, a plain equity that the final decree in that suit shall be framed in reference to any proceedings that may be had to limit the liability of the owners of the schooner, so that the intent of that decision shall not be thwarted. The money to be paid by the owners of the Aragon for the loss of the schooner, *i. e.*, one-half of its value, equitably represents so much of the schooner. That fund is, or will be, in this court, where the security for it is now on file; there is no other fund, or proceeds, representing the schooner in any other district; and the question, what shall be done with that fund, whether

paid over to the trustee to be appointed in the limited-liability proceedings, or, on the contrary, allowed to be retained to their own use by the petitioners as claimed, or secured to the owners of the cargo through provisions in the final judgment in the suit *in personam*, so far as necessary to indemnify them and save the owners of the Aragon from a liability to pay for the other half of the cargo, contrary to the judgment already rendered, are questions which ought to be, and can be, most conveniently and appropriately determined in this court, where the fund substantially is, and where the litigation instituted by the petitioners to obtain it is now pending. *Norwich Co.* v. *Wright*, 13 Wall. 104, 124, 126. The owners of the cargo lost, as well as the owners of the Aragon, are directly interested in the determination of that question.

The question of the effect of the appointment of a trustee under these proceedings, and of the application of the statute, or of these proceedings, to foreign ships, *in invitum*, does not necessarily arise upon these exceptions. It is enough that there appear to be claims, like that for the loss of the cargo in this case, to which the proceedings may undoubtedly apply. The exceptions above stated are therefore overruled.

No point was made on the argument as regards the alleged privity or personal fault of Crowley, the master and a part owner, in the negligence which caused the collision. If that is insisted on, it must be determined like any other disputed question of fact. If determined against him, that would not prevent the proceedings going on for the benefit of the other innocent owners. *The Obey*, L. R. 1 Adm. 102; *The Spirit of the Ocean*, Brow. & L. 336; *Wilson* v. *Dickson*, 2 Barn. & Ald. 2.