## CAPITOL TRANSPORTATION COMPANY *v.* CAMBRIA STEEL COMPANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 231. Argued March 14, 17, 1919.—Decided March 31, 1919.

An owner who by personal contract has warranted the seaworthiness of a vessel, and is also privy to and has knowledge of her unseaworthiness, to which is due a loss of cargo, is not within the Limited Liability Act of June 26, 1884.

Concurrent findings of two lower courts accepted.

244 Fed. Rep. 95, affirmed.

THE case is stated in the opinion.

*Mr. J. Parker Kirlin,* with whom *Mr. George L. Canfield* was on the briefs, for petitioner.

*Mr. Francis S. Laws,* with whom *Mr. Sherwin A. Hill* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition to limit liability for the loss of cargo on *The Benjamin Noble,* brought by the present petitioner after libels *in personam* had been filed in different districts by the cargo owners, the Cambria Steel Company. The right was denied by the District Court on the ground that the vessel was unseaworthy with the privity and knowledge of the owner when she sailed and that the owner had made a personal contract by which it warranted seaworthiness. 232 Fed. Rep. 382. The findings, rulings and decree of the District Court were affirmed by the Circuit Court of Appeals. 244 Fed. Rep. 95. 156 C. C. A. 523. Sub nom. *The Benjamin Noble.* A writ of certiorari was granted before *Luckenbach* v. *McCahan Sugar Refining Co.,* 248 U. S. 139, and *Pendleton* v. *Benner Line,* 246 U. S. 353, were decided but when they were before this Court. 245 U. S. 648. See 242 U. S. 638. 241 U. S. 677. The findings of fact are contested here, and because of some expressions it is suggested that the Circuit Court of Appeals is to be taken not to have made findings of its own upon the facts. On the contrary it appears to us to have reconsidered the evidence, giving to the findings below only the weight usually accorded to those of the tribunal that sees the witnesses and we see no sufficient reason for departing from the general rule where the two lower courts have concurred. 248 U. S. 139, 145.

We are urged to reconsider the question whether the limitation of liability is not made independent of the "privity or knowledge" of the owner by the omission of those words from the Act of June 26, 1884, c. 121, § 18, 23 Stat. 53, 57, coupled with the repeal, in § 30, of all laws and parts of laws in conflict with the provisions of that act. It is argued that the effect of the omission and the repealing section is to do away with the former qualification in Rev. Stats., §·4283, and the argument is fortified by a reference to the history of the act, which shows that some of the Senators thought it important to make the limitation absolute. On the other hand in *Butler* v. *Boston & Savannah S. S. Co.*, 130 U. S. 527, 553, 554, it was said by Mr. Justice Bradley that possibly the later act was intended to remove all doubt as to the application of the law to all cases of loss "caused without the privity or knowledge of the owner." We find no different expression in *O'Brien* v. *Miller*, 168 U. S. 287, 303. Mr. Justice Bradley's opinion was adopted after considerable discussion in *Richardson* v. *Harmon*, 222 U. S. 96, 106, and *Richardson* v. *Harmon* was accepted as establishing that the statute does not limit liability for the personal acts of the owners done with knowledge, in the late case of *Pendleton* v. *Benner Line*, 246 U. S. 353, 356. In that case the argument that the limitation of the exoneration to acts &c. done or incurred without the privity or knowledge of the owner was repealed by the Act of 1884, was presented in the fullest way.

We very much appreciate the danger that the act should be cut down from its intended effect by too easy a finding of privity or knowledge on the part of owners, as also by too liberal an attribution to them of contracts as personally theirs. We are not disposed to press the law in those directions further than the cases go. But in this case in addition to the finding of the owner's privity to the unseaworthiness was the further finding that the

contract was the personal contract of the petitioner—a finding that seems warranted if any contract by a corporation can fall within the class. That such contracts may impose a liability that cannot be transferred to what is left of the ship is decided. *Luckenbach* v. *McCahan Sugar Refining Co.,* 248 U. S. 139, 149. Upon the whole case we cannot escape from the conclusion that the decree must be affirmed.

*Decree affirmed.*