## PEOPLE'S NAV. CO., Inc., et al. v. TOXEY et al.

## TOXEY et al. v. PEOPLE'S NAV. CO., Inc., et al.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1920.)

### Nos. 1833, 1834.

**Shipping ☞203—Statute limiting liability should be liberally construed.**

Rev. St. § 4283 (Comp. St. § 8021), limiting the liability of a vessel owner for loss incurred without knowledge to the value of the owners' interest in the vessel and her freight then pending, should be liberally construed in favor of shipowners, so as to encourage shipbuilding and the employment of ships in commerce.

Appeals from the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Petition by the People's Navigation Company, Incorporated, and others for limitation of liability, opposed by A. F. Toxey and others. From a decree of the District Court (261 Fed. 797), denying the petition, both parties appeal. Affirmed.

Edward R. Baird, Jr., of Norfolk, Va. (Baird & White, of Norfolk, Va., on the brief), for People's Nav. Co., Inc. .

S. M. Brandt, of Norfolk, Va. (John W. Oast, Jr., and H. A. Sacks, both of Norfolk, Va., on the brief), for administratrices of W. N. Kinsey and Freeman Coleman.

Leon T. Seawell, of Norfolk, Va. (Hughes, Little & Seawell, of Norfolk, Va., and E. F. Aydlett, of Elizabeth City, N. C., on the brief), for A. F. Toxey & Co., W. J. Woodley, C. W. Stevens & Co., Inc., executors of J. B. Flora, and W. H. Weatherly & Co.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

WOODS, Circuit Judge. [1] Section 4283 of the Revised Statutes provides:

"The liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise, shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing lost, damage, or forfeiture, done, occasioned, or incurred, without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." Compiled Statutes, § 8021.

---

We not only recognize, but are in full sympathy with, the numerous authorities holding that this act should be liberally construed in favor of shipowners, so as to encourage shipbuilding, and the employment of ships in commerce. Providence & New York Steamship Co. v. Hill Manufacturing Co., 109 U. S. 578, 3 Sup. Ct. 379, 617, 27 L. Ed. 1038; Butler v. Boston & Savannah Steamship Co., 130 U. S. 527, 9 Sup. Ct. 612, 32 L. Ed. 1017; Capitol Transportation Co. v. Cambria Steel Co., 249 U. S. 334, 39 Sup. Ct. 292, 63 L. Ed. 631. In this case the testimony is conflicting as to the cause of the explosion, the condition of the boilers of the vessel and the knowledge of the owners of the alleged unsafe condition of the boilers. On all of these vital issues, however, the conclusion of the District Court is supported by very strong evidence—so strong that we are unable to say that even the preponderance is against his conclusion.

It follows that the decree of the District Court must be affirmed. Analysis of the testimony would be of no value.

Affirmed.