## In re NIEDER et al.

### THE FRESNO.

(District Court, W. D. Washington, N. D. March 4, 1926.)

No. 10352.

Shipping ⬅️207—Purchasers of sunken vessel, against whom judgment for costs of removal was recovered, held not entitled in proceedings for limitation of liability to order restraining enforcement of judgment pending proceeding (Act March 3, 1851, § 3 [Rev. St. § 4283, Comp. St. § 8021]; Rev. St. § 4284, as amended by Act Feb. 27, 1877, § 1 [Comp. St. § 8022]; Act June 26, 1884, § 18 [Comp. St. § 8028]).

Where owner of sunken vessel, after conveying her in consideration of $1 to persons who agreed to remove her, recovered judgment, in state court, against such persons for costs

11 F.(2d)—27

of removal, held that transferees, under Act March 3, 1851, § 3 (Rev. St. 4283, Comp. St. § 8021); Rev. St. § 4284, as amended by Act Feb. 27, 1877 (Comp. St. § 8022), and Act June 26, 1884, § 18 (Comp. St. § 8028), in proceeding for limitation of liability, were not entitled to order restraining enforcement of such judgment pending proceedings; it being based on personal contract for the purchase of the sunken vessel.

In Admiralty. Petition by M. Nieder and Ben Marcus, copartners doing business as Nieder & Marcus, owners of the vessel Fresno, for limitation of liability. On exception of the North Pacific Sea Products Company to petition, and motions for dismissal thereof and for vacation of order restraining suits pending proceedings. Exceptions sustained in part; motion to dismiss denied; motion to vacate granted in part.

Vince H. Faben, of Seattle, Wash., for petitioners.

Bronson, Robinson & Jones, of Seattle, Wash., for respondent.

CUSHMAN, District Judge. The petitioners pray limitation of liability. It appears by the petition that in April, 1923, the barge Fresno was partially destroyed by fire and was no longer of any value to the then owner, North Pacific Sea Products Company; that she sank upon the bottom and shore of Lake Washington, and became a derelict without the privity or knowledge of the owner; that thereafter the petitioners and the owner entered into the following contract:

"Seattle, Washington, April 9th, 1923.

"In consideration of one dollar ($1.00), receipt whereof is hereby acknowledged, the undersigned hereby sells and conveys to Nieder & Marcus the barge Fresno, her apparel, tackle, and appurtenances as she now lies alongside the dock at Belleview, Wash. It is agreed that, as a further consideration, the undersigned purchasers, Nieder & Marcus, will entirely and completely remove the said Fresno from Meydenbauer Bay within 30 days from this date. [Sgd.] North Pacific Sea Products Co., by Wm. Schupp, President. Nieder & Marcus, by M. Nieder."

Subsequently, in a suit by the North Pacific Sea Products Company in the state court, judgment was recovered against the petitioners for the cost by plaintiff incurred in the removal of such derelict.

The North Pacific Sea Products Company excepts to the petition for limitation of liability, and moves for the dismissal thereof and for the vacation of the order restraining suits pending proceedings herein.

Petitioners cite, among others, the following cases: Norwich & N. Y. Transp. Co. v. Wright, 13 Wall. 104, 20 L. Ed. 585; Hughes, Admiralty, p. 321; National Steam N. Co. v. Dyer, 105 U. S. 24–26, 26 L. Ed. 1001; White v. Island Tr. Co., 34 S. Ct. 589, 233 U. S. 346, 58 L. Ed. 993; Eastern S. S. Co. v. Great Lakes Dredge, 256 F. 497, 168 C. C. A. 3 (D. C.) 250 F. 916; The O'Brien Bros. (D. C.) 252 F. 185; Waring & Dalmin, Owners of De Soto, etc., v. Clarke, 5 How. 441, 12 L. Ed. 226; Benedict's Admiralty (4th Ed.) § 520; The Katie (D. C.) 40 F. 480, 7 L. R. A. 55; In re Whitelaw et al. (D. C.) 71 F. 733; The Defender (D. C.) 214 F. 316; Providence, etc., Steamship Co. v. Hill Mfg. Co., 3 S. Ct. 379, 109 U. S. 589, 27 L. Ed. 1038; In re Morrison, 13 S. Ct. 246, 147 U. S. 34, 37 L. Ed. 60; The Garden City (D. C.) 26 F. 768; Levinson v. Oceanic Steam Nav. Co., 15 Fed. Cas. No. 8292; Quinlan v. Pew, 56 F. 119, 5 C. C. A. 438; In re Steam Propeller Epsilon, Fed. Cas. No. 4506, 6 Ben. 378; In re Goodrich Transp. Co. (D. C.) 26 F. 715; In re Leonard (D. C.) 14 F. 55; The Benefactor, 103 U. S. 243, 26 L. Ed. 351; Gleason v. Duffy, 116 F. 301, 54 C. C. A. 100; In re Meyer (D. C.) 74 F. 884; Oregon R., etc., Co. v. Balfour, 90 F. 298, 33 C. C. A. 57; The City of Columbus (D. C.) 22 F. 461.

Respondent cites, among others, the following cases: McRae v. Bowers Dredging Co. (C. C.) 86 F. 344; Chas. Barnes v. One Dredge Boat (D. C.) 169 F. 895; The Dredge A (D. C.) 217 F. 617; In re P. Sanford Ross (D. C.) 196 F. 921; Benedict's Admiralty, (5th Ed.) § 63, pp. 84, 85; Benedict's Admiralty (5th Ed.) § 476, p. 567; Pendleton v. Benner Line, 38 S. Ct. 330, 246 U. S. 353, 62 L. Ed. 770; Luckenbach v. McCahan Sugar Ref. Co., 39 S. Ct. 53, 248 U. S. 139, 63 L. Ed. 170, 1 A. L. R. 1522; Capital Transp. Co. v. Cambria Steel Co., 39 S. Ct. 292, 249 U. S. 334, 63 L. Ed. 631; The Loyal, 123 C. C. A. 252, 204 F. 930; Great Lakes Towing Co. v. Mills Transp. Co., 155 F. 11, 83 C. C. A. 607, 22 L. R. A. (N. S.) 769; The Laforrest L. Simmons (D. C.) 276 F. 61; Richardson v. Harmon, 32 S. Ct. 27, 222 U. S. 96, 56 L. Ed. 110; Benedict on Admiralty (5th Ed.) § 481, p. 573; Monongahela River, etc., Co. v. Hurst, 200 F. 711, 119 C. C. A. 127.

It has been held in the following cases cited: Richardson v. Harmon, 32 S. Ct. 27, 222 U. S. 96, at 106, 56 L. Ed. 110; Pendleton v. Benner Line, 38 S. Ct. 330, 246 U. S. 353, 62 L. Ed. 770; Luckenbach et al. v. McCahan Sugar Refining Co., etc., 39 S. Ct. 53,

248 U. S. 139, at 149, 63 L. Ed. 170, 1 A. L. R. 1522; Capitol Transp. Co. v. Cambria Steel Co., 39 S. Ct. 292, 249 U. S. 334, 63 L. Ed. 631—that the Act of March 3, 1851, c. 43, § 3, 9 Stat. 635 (R. S. § 4283, Comp. Stat. § 802; R. S. § 4284), as amended in 1877 (chapter 69, § 1, 19 Stat. 251; Comp. St. § 8022), Act June 26, 1884, c. 121, section 18, 23 Stat. p. 57 (Comp. Stat. § 8028), providing for limitation of liability, does not relieve the owner from liability on his personal contracts, even those relating to the voyage. See, also, Benedict on Admiralty (5th Ed.) § 478. The reasons for such holding are even stronger in a case such as the present, where the contract is one whereby the petitioners first acquired any ownership or interest in the vessel.

Reaching this conclusion, it is not necessary to consider other matters discussed upon the hearing.

Respondent's exceptions to the petition are sustained, in so far as the petition seeks limitation of liability on account of the judgment in respondent's favor, and, in so far as petitioners seek to restrain the collection of that judgment. The motion to dismiss the petition is denied. The motion to vacate the restraining order is granted; in so far as it seeks to restrain the collection of such judgment.