STANDARD WHOLESALE PHOSPHATE & ACID WORKS, Inc., v. CHESAPEAKE LIGHTERAGE & TOWING CO., Inc.

(Circuit Court of Appeals, Fourth Circuit. January 11, 1927.)

No. 2542.

1. Shipping ⬳208—Corporations may limit liability arising from conditions to which they are not privy (Comp. St. §§ 8020, 8021).

Under Rev. St. §§ 4282, 4283 (Comp. St. §§ 8020, 8021), corporations are entitled to benefit of limitation of liability arising from conditions to which they are not privy and of which they have no knowledge, such as defects not apparent and obvious to casual observer.

2. Shipping ⬳209(3)—Evidence held to warrant granting of corporation's petition for limitation of liability for loss from sinking of lighter.

Evidence *held* to justify limitation of liability of corporation with respect to loss resulting when lighter sank with cargo.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Libel by the Standard Wholesale Phosphate & Acid Works, Inc., against the Chesapeake Lighterage & Towing Company, Incorporated, wherein respondent petitioned for limitation of its liability. Decree for libelant allowing the petition for limited liability, and libelant appeals. Affirmed.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

George W. P. Whip, of Baltimore, Md. (Lord & Whip, of Baltimore, Md., on the brief), for appellant.

Harry N. Abercrombie, of Baltimore, Md., for appellee.

WADDILL, Circuit Judge. The appellant, libelant in the court below, on the 6th of July, 1925, filed its libel against the appellee, respondent below, to recover for damage to cargo in a cause civil and maritime. The appellant, engaged, among other things, in the manufacture and sale of fertilizers, with its place of business at Baltimore, was the owner of 240 tons of fertilizer in bags loaded on C. L. & T. lighter No. 75, for shipment from its plant at Curtis Bay, to the side of the steamship Delfina, then lying in the port of Baltimore, for transportation on said vessel to the island of Porto Rico. The fertilizer was placed on the lighter on the 21st and 22d days of May, 1925, and the latter made fast alongside the company's wharf in the harbor, to be taken the next morning to the ship. While at the wharf in the early morning of 22d of May, the lighter, because of alleged unseaworthiness and neglect of appellee to properly care for the cargo, sank, causing substantially the loss of the entire cargo.

The respondent appellee answered, insisting that the lighter was in all respects seaworthy, and that the same was tight, staunch, and in every way in excellent condition; that it had constantly been in service of like character to that in which she was then engaged, and had theretofore been subjected to appropriate and proper inspection and examination, looking to its maintenance at all times in safe and seaworthy condition. Respondent appellee also denied all responsibility for damage or loss arising from the sinking of the lighter, and in addition interposed and asserted a claim, as a separate defense, to limit its liability for the loss sustained. The value of the cargo was ascertained to be $10,341.40, with interest from May 23,

1925. The court allowed the petition of limited liability, and held respondent appellee liable for the value of the lighter in its sunken condition, and fixed the same at $1,500, and decreed in favor of the libelant appellant for that sum, less $788 expended in salving the cargo; that is to say, a decree in favor of libelant for $755.79, principal and interest as of that date. It is from the decree thus entered that the appeal in this case is taken, and there is presented the sole question of whether, under the circumstances, the appellee is entitled to limitation of liability for the loss sustained, and the assignment of error presents this single question.

[1] The claim to exemption of liability because of the sinking of the lighter is interposed in this case in behalf of the appellee corporation. It is now well settled that corporations, like others (Rev. Stat. §§ 4282 and 4283, U. S. Comp. Stat. Annotated, 1916, vol. 7, pp. 8531, 8534, §§ 8020, 8021), are entitled to the benefit of the limitation of liability arising from conditions to which they are not privy, and of which they have no knowledge—that is, defects not apparent and obvious to a casual observer, but only appreciable to a skilled artisan—and they are charged with knowledge of the existence of latent defects, or become privy to acts of negligence only when persons representing it in such capacity as authorizes them to speak for the company are guilty of some negligence or omission to maintain the vessel in seaworthy condition.

The sole question here is whether, under the facts and circumstances, the respondent corporation should be denied the right of exemption from liability under the statute, by having imputed to it knowledge that the vessel was not seaworthy, thereby making it privy to the existence of such conditions. This question must be determined upon full consideration of all the testimony, and the reasonable and fair inferences to be drawn from the same. Upon this appeal, the vessel must be treated as unseaworthy, as found by the District Court. The case turns upon whether or not the appellee exercised the degree of care and caution reasonably required of it to maintain the lighter in seaworthy condition, and whether or not any representative of the company, whose knowledge would be imputed to the owner, was possessed of such facts as would constitute knowledge and privity of the owner, within the meaning of the act of Congress. The authorities fully sustain this as the law. Pocomoke Guano Co. v. Eastern Transportation Co. (C. C. A.) 285 F. 7, and cases cited; The Virginia (D. C.)

264 F. 986, affirmed Hines v. Butler (C. C. A.) 278 F. 877; The Omar D. Conger (D. C.) 1 F.(2d) 732; Erie Lighter 108 (D. C.) 250 F. 490; In re Eastern Dredging Co. (D. C.) 159 F. 541; The Tommy (C. C. A.) 151 F. 570; The Annie Faxon (C. C. A.) 75 F. 312; The Colima (D. C.) 82 F. 665; Craig v. Continental Insurance Co., 141 U. S. 638, 12 S. Ct. 97, 35 L. Ed. 886; La Bourgogne, 210 U. S. 95, 122, 28 S. Ct. 664, 52 L. Ed. 973; Richardson v. Harmon, Receiver, etc., 222 U. S. 96, 32 S. Ct. 27, 56 L. Ed. 110; Capitol Transportation Co. v. Cambria Steel Co., 249 U. S. 334, 39 S. Ct. 292, 63 L. Ed. 631; Liverpool, etc., Navigation Co. v. Brooklyn Eastern District Terminal, 251 U. S. 48, 40 S. Ct. 66, 64 L. Ed. 130; Benedict's Adm'r (5th Ed.) p. 596.

The learned judge of the District Court had the advantage of having the witnesses testify before him, which is of special value in this case as bearing upon their intelligence to speak on the matters about which they were examined, as also the ability of the officers and representatives of the appellee to speak for and properly represent the company in and about the important matters intrusted to them in the conduct of its business.

[2] There was much conflict in the testimony as to the condition of the lighter upon an inspection of it after the disaster when placed upon the ways; but the evidence is less conflicting in what was done looking to the upkeep of the lighter, and appellee's methods in the conduct of its business in connection with the operation of its fleet of lighters and barges. The general superintendent of the respondent testified, as did its superintendent of repairs, whose business it was to see that the fleet equipment of the respondent was kept in good condition, and also sundry other employés of the respondent, engaged in the operation of its business, one and all strongly supported appellee's contention as to work upon and upkeep of its lighters and barges, and that the latter were carefully inspected at frequent intervals, and to within about a week of the sinking of the lighter the subject of this litigation, and likewise all needed repairs to the lighter were promptly made from time to time.

The District Court determined that the lighter was unseaworthy and that the sinking was caused thereby, but concluded, upon the whole case, that while the appellee was privy to and knew of the existence of the condition of the lighter complained of by reason of the knowledge of its superintendent, charged specially with the maintenance and upkeep of its lighters in safe and proper condition, there

was not sufficient testimony to show omission or neglect on his part, or that of the appellee, of any duty or obligation proximately affecting or causing the disaster, and hence appellee was entitled to the limitation of liability.

Having regard to the rule properly applicable to cases in which the facts have been found by an experienced District Judge, who had the advantage of seeing and hearing the witnesses testify, and recognizing the case as a close one, we feel that this court would not, in the circumstances, be justified in substituting its judgment for that of the District Court, and that upon full consideration of the case its action should be affirmed.

Affirmed.