## Petition of WHEELER et al.
### No. 12419.

District Court, E. D. New York.
June 10, 1931.

Crowell & Rouse (by J. D. Crowell), of New York City, for petitioners.

Bond, Schoeneck & King, of Syracuse, N. Y., and Bigham, Englar, Jones & Houston, of New York City, for Nicholas Valentine, appearing specially, etc.

Higbee & Malpass, of Syracuse, N. Y., for Clarence E. and Josephine Brown.

Hayden, Setright & Southwick, of Syracuse, N. Y., for Gertrude K. and Anthony H. Weller, appearing specially, etc.

CAMPBELL, District Judge.

These are three separate motions made on behalf of different claimants, but all asking for the same relief, to wit, for an order dismissing the petition and vacating the order restraining the further prosecution of the actions against petitioners, and now pending,

or intended to be commenced, in the Supreme Court of the State of New York, Onondaga County.

The petitioners who reside in the Eastern District of New York were the owners of the motorboat Wheeler Shipyard Hull No. 304, a twin screw motor gasoline launch, approximately 40 feet long, with bridge deck amidships and cabins forward and aft.

On the 24th day of May, 1930, while the boat was being operated by Clarence E. Brown, an employee of the petitioner, and the boat was in the inlet, a small stream flowing into Cayuga Lake, it exploded and it is alleged seriously injured several of those on board. The moving parties herein claim to have been injured by this explosion, and have commenced, or intend to commence, actions against the petitioners in the Supreme Court of the State of New York, Onondaga County.

After the explosion the boat sank in the inlet, but what was left of it was soon raised and placed on shore.

A few days after the explosion, the wreck of the motorboat in question having been raised, an employee proceeded to dismantle and strip said wreck, destroying the woodwork which had been cracked and shattered, and saving only valuable parts of the wreck.

The boat's gasoline tanks were broken up and sold to a junk dealer for $10.

That sum, together with wreckage and strippings of the said Hull, were transferred by the petitioners to their shipyard on Coney Island creek and Harway avenue, borough of Brooklyn, in this district, before any action had been commenced against them in the Supreme Court of the State of New York, Onondaga County, in the Northern District of the State of New York, or in any other court, for damages because of such explosion.

The wreck was in the Northern District until it was destroyed, and a small portion of the wreckage and strippings of the said hull, comprising a steering wheel and a set of dishes, still remain in the Northern District of the State of New York.

The accident happened in the Northern District of the State of New York, and most of the witnesses reside in that district.

The petitioners reside and have their shipyard in the Eastern District of New York, and also have a place of business in the Northern District of New York.

The right to limitation of liability is statutory and is found in sections 4283, 4284 and 4285 of the Revised Statutes, title 46, §§ 183, 184, 185 U. S. C. (46 USCA §§ 183–185), which read as follows:

"§ 183. *Liability of owner not to exceed interest.* The liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise, shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

"§ 184. *Apportionment of compensation.* Whenever any such embezzlement, loss, or destruction is suffered by several freighters or owners of goods, wares, merchandise, or any property whatever, on the same voyage, and the whole value of the vessel, and her freight for the voyage, is not sufficient to make compensation to each of them, they shall receive compensation from the owner of the vessel in proportion to their respective losses; and for that purpose the freighters and owners of the property, and the owner of the vessel, or any of them, may take the appropriate proceedings in any court, for the purpose of apportioning the sum for which the owner of the vessel may be liable among the parties entitled thereto.

"§ 185. *Transfer of interest of owner to trustee.* It shall be deemed a sufficient compliance on the part of such owner with the requirements of this chapter relating to his liability for any embezzlement, loss, or destruction of any property, goods, or merchandise, if he shall transfer his interest in such vessel and freight, for the benefit of such claimants, to a trustee, to be appointed by any court of competent jurisdiction, to act as such trustee for the person who may prove to be legally entitled thereto; from and after which transfer all claims and proceedings against the owner shall cease."

The Supreme Court has prescribed the procedure to be followed to obtain limitation of liability in admiralty, Rules 51 to 55, both inclusive (28 USCA § 723), and Rules 51 and 54 read as follows:

"51. *Limitation of Liability—How Claimed.* When any ship or vessel shall be libeled, or the owner or owners thereof shall be sued, for any embezzlement, loss, or destruction by the master, officers, mariners, passengers, or any other person or persons, of any property, goods, or merchandise,

shipped or put on board of such ship or vessel, or for any loss, damage or injury by collision, or for any act, matter or thing, loss, damage or forfeiture, done, occasioned or incurred, without the privity or knowledge of such owner or owners, and he or they shall desire to claim the benefit of limitation of liability provided for in the third and fourth sections of the act of March 3, 1851, entitled 'An act to limit the liability of shipowners and for other purposes' now embodied in sections 4283 to 4285 of the Revised Statutes (sections 183 to 185 of Title 46, Shipping) as now or hereafter amended or supplemented, the said owner or owners shall and may file a libel or petition in the proper District Court of the United States, as hereinafter specified, setting forth the facts and circumstances on which said limitation of liability is claimed, and praying proper relief in that behalf; and thereupon said court, having caused due appraisement to be had of the amount or value of the interest of said owner or owners, respectively, in such ship or vessel, and her freight, for the voyage, shall make an order for the payment of the same into court, or for the giving of a stipulation with sufficient sureties or an approved corporate surety for the payment thereof into court with interest at the rate of six per cent. per annum from the date of said stipulation and costs, whenever the same shall be ordered; or, if the said owner or owners shall so elect, the said court shall, without such appraisement make an order for the transfer by him or them of his or their interest in such vessel and freight to a trustee to be appointed by the court under the fourth section of said act; and, upon compliance with such order, the said court shall issue a monition against all persons claiming damages for any such embezzlement, loss, destruction, damage or injury, citing them to appear before the said court and file their respective claims at or before a certain time to be named in said writ, not less than 30 days from the issuing of the same; and public notice of such monition shall be given as in other cases, and such further notice served through the post office, or otherwise, as the court, in its discretion, may direct; and the said court shall also, on the application of the said owner or owners, make an order to restrain the further prosecution of all and any suit or suits against said owner or owners in respect to any such claim or claims."

"54. *Courts Having Cognizance of Limited Liability Procedure.* The said libel or petition shall be filed and the said proceedings had in any District Court of the United States in which said ship or vessel may be libeled to answer for any such embezzlement, loss, destruction, damage or injury; or, if the said ship or vessel be not libeled, then in the District Court for any district in which the said owner or owners may be sued in that behalf; when the said ship or vessel has not been libeled to answer the matters aforesaid, and suit has not been commenced against the said owner or owners, or has been commenced in a district other than that in which the said ship or vessel may be, the said proceedings may be had in the District Court of the district in which the said ship or vessel may be, and where it may be subject to the control of such court for the purposes of the case as hereinbefore provided. If the ship shall have already been libeled or sold, the proceeds shall represent the same for the purposes of these rules."

The admiralty rules of this court relating to limitation of liability are Rules 31 to 35, both inclusive, and Rule 31 reads as follows:

"Petitions or libels to limit liability must state:

"(1) The facts showing that the application is properly made in this district.

"(2) The voyage on which the demands sought to be limited arose, with the date and place of its termination; the amount of all demands including all unsatisfied liens or claims of liens, in contract or in tort, arising on that voyage, so far as known to the petitioner, and what suits, if any, are pending thereon; whether the vessel was damaged, lost or abandoned, and, if so, when and where; the value of the vessel at the close of the voyage, or in case of wreck, the value of her wreckage, strippings or proceeds, if any, as nearly as the petitioner can ascertain, and where and in whose possession they are; also the amount of any pending freight, recovered or recoverable. If any of the above particulars are not fully known to the petitioner, a statement of such particulars according to the best knowledge, information; and belief of the petitioner, shall be sufficient."

This is a case where the vessel has not been libeled, but her owners have been sued, and the petition for limitation may be filed either in the district in which the owners have been sued, or in the district in which the vessel may be. Gleason v. Duffy (C. C. A.) 116 F. 298.

If the vessel had been raised and brought into this district, there would be no question about the right of the petitioners to proceed

in either the Northern or Eastern District, but if the wreck had remained in the Northern District, that would have been the district in which the petitioners would have been bound to proceed.

The wreck has been broken up, dismantled, and stripped.

A steering wheel and a set of dishes remain in the Northern District, but the engines and other valuable portions of the wreck are in this district, where they were brought before any action against the petitioners, for damages because of such explosion, was commenced in the New York Supreme Court, Onondaga County, or any other court.

The petitioners are residents of this district, and their principal place of business is in this district.

Substantially all the wreckage and strippings of the vessel and the proceeds of the sale of her gasoline tanks are in this district, in the possession of the petitioners.

The petitioners were not bound to surrender the res or their interest therein to a trustee, but might, if they so desired, retain possession or ownership of the res, for an appraisal of the value of their interest therein, and file security with the court in lieu of a surrender.

The latter is the procedure usually followed and the one that has been adopted by the petitioners here.

I appreciate the inconvenience that will be occasioned to the claimants by being compelled to proceed in this district, but limitation is a statutory right, and the statute is to be construed liberally in favor of the ship owners. Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 3 S. Ct. 379, 617, 27 L. Ed. 1038; The Marie Palmer (D. C.) 191 F. 79, affirmed (C. C. A.) 202 F. 1023; The Annie (D. C.) 261 F. 797, affirmed (C. C. A.) 269 F. 793; Kitsap County Transp. Co. v. Harvey (C. C. A.) 15 F. (2d) 166, 48 A. L. R. 1420.

The Supreme Court has power to make rules regulating the proceedings. Providence & N. Y. S. S. Co. v. Hill, supra.

This court is bound to obey such rules.

I have carefully considered the brief on behalf of the moving parties, but I cannot agree with their construction of Rule 54. Of course, a small portion of the strippings and wreckage could not be taken into any district and thus give the court in that district jurisdiction, and that is exactly what is contended for when the moving parties

base any argument on the fact that the steering wheel and set of dishes are in the Northern District of New York. What constitutes the vessel for the purpose of giving this court jurisdiction in this case is substantially all of the strippings, wreckage, and proceeds of the wreck of the Wheeler Shipyard Hull No. 304 which are in this district.

The hull of the said wrecked vessel is not in the Northern District of New York; on the contrary, it has been destroyed and substantially all the strippings and wreckage of the said vessel, together with the proceeds of the sale of her gasoline tanks, are in this district, and were here before any action for damages because of the explosion was commenced in any court, and this court has jurisdiction. The Snug Harbor (D. C.) 46 F. (2d) 143; In re Slayton, 105 U. S. 451, 26 L. Ed. 1066.

While it seems to me that the orderly procedure would have been to bring this matter before the court by filing exceptions, still I have considered these motions as in effect the same as exceptions.

The exceptions, if such these motions be considered, are overruled and these motions are denied, and the time of the claimants to appear, answer, and file claims in this proceeding is hereby extended to June 24, 1931, at 10:30 a. m., on which day and at which hour the process will be called at the motion part of this court, room 224 Post Office Building, Brooklyn, N. Y.