### THE PHILIP J. KENNY.

### In re NEW YORK TOWING & TRANSPORTATION CORPORATION.

District Court, D. New Jersey.

Nov. 16, 1931.

Single & Single, of New York City, for limitation.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J. (Harry D. Thirkield, of New York City, on the brief), opposed.

AVIS, District Judge.

The Ford Motor Company and Chiarello Bros. Company, Inc., each heretofore filed libels against the New York Towing & Transportation Corporation (hereinafter called the towing corporation), its steamtug Philip J. Kenny and lighter Walter Franks, based upon a claim for damages arising out of a contract for transportation of merchandise for the Ford Motor Company, and a claim of Chiarello Bros. Company, Inc., for damages alleged to have been sustained be-

338

cause of injuries to the barge Tripoli owned by it.

These cases were duly heard by the court and interlocutory decrees entered in both cases for the amounts claimed, with interest, in rem against the steamtug Philip J. Kenny and in personam against the towing corporation. Reference was made to a commissioner to ascertain the amounts due, and he reported in favor of the Ford Motor Company in the sum of $27,396.15, with interest from April 23, 1931, and in favor of Chiarello Bros. Company, Inc., in the sum of $637, with interest from April 23, 1931.

The towing corporation, because the amounts shown by the report appear to be in excess of the value of the steamtug, has filed its petition, praying a limitation of liability, and has filed a stipulation on ex parte proof of value, asking for injunction, etc.

The right of the towing corporation to limitation depends upon the construction of two acts of Congress, which read as follows: "The liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise, shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." 46 USCA § 183.

"The individual liability of a shipowner shall be limited to the proportion of any or all debts and liabilities that his individual share of the vessel bears to the whole; and the aggregate liabilities of all the owners of a vessel on account of the same shall not exceed the value of such vessels and freight pending: Provided, That this provision shall not prevent any claimant from joining all the owners in one action; nor shall the same apply to wages due to persons employed by said shipowners." 46 USCA § 189.

The Ford Motor Company filed its answer, and, upon petition for replication, an order was made requiring the towing corporation to file a replication, to certain claims in the answer, which was duly filed. Subsequently, counsel for the Ford Motor Company moved to dismiss the petition for limitation, claiming that the towing corporation cannot limit its liability to the value of its tug and pending freight, because of its personal contract with the Ford Motor Company.

The personal contract relied upon to prevent the limitation of liability reads as follows:

### "Freight Contract

"Between Ford Motor Company and New York Towing & Transportation Corp.

"17 Battery Place, New York City

"Owner of the Barge Hoister 'Square,' agrees to let space on 'Square' to Ford Motor Company, said space on 'Square' being sufficient to accommodate about

——— Ford Cars (in boxes)
——— Ford Cars (unboxed)
——— Fordson Tractors (in boxes)
——— Tons Boxed Parts

"Ford Motor Company agrees to pay, therefore, at the rate of $15.00 per day commencing on delivery of hoister 'Square' at Kearney, N. J., 1/18/29, and continuing until hoister 'Square' at point in waters ———.

"Owner to supply space on barge, fully manned and equipped, including tarpaulins, and at all times to be in sole control of operation, navigation and management. Ford Motor Company, as lessor of space on hoister 'Square' to pay all towage bills from time of delivery until time of return; also any other charges incurred by Ford Motor Company.

*"Owner to be liable for any and all claims arising out of ownership, maintenance, navigation, operation, control or possession of barge.* Space on barge to be used only within insurance harbor limits, New York Harbor, and only for carriage of above described merchandise.

"All prior oral agreements are merged in this written agreement which shall not be altered, varied or modified except in writing." (Italics mine.)

It is contended by counsel for the towing corporation that a personal contract made by a shipowner or owners will not bar his or their rights to limitation, and many cases are quoted establishing the fact that the purpose of the act of Congress was to encourage investment, by exempting the investor from loss in excess of the amount actually invested. This was undoubtedly the reason for the passage of the acts referred to.

Counsel further claims that shipowners cannot be liable for personal contracts for payment of damages caused by negligence of ship's crew, and argues that the cases cited by counsel for the Ford Motor Company all refer to warranties as to seaworthiness of the vessel involved.

The court is convinced, from an examination of the cases bearing upon this ques-

tion, that the statutes referred to, which must be construed in pari materia, do not interfere with the enforcement of a specific contract, even though it may make a shipowner liable in excess of the amount or value of the interest of such owner in such vessel, and her freight then pending.

In the case of Richardson v. Harmon, 222 U. S. 96, on page 106, 32 S. Ct. 27, 30, 56 L. Ed. 110, Mr. Justice Lurton, who wrote the opinion in the Supreme Court, says: "Thus construed, the section harmonizes with the policy of limiting the owner's risk to his interest in the ship in respect of all claims arising out of the conduct of the master and crew, whether the liability be strictly maritime or from a tort non-maritime, but leaves him liable for his own fault, neglect, and contracts."

This principle is approved in the case of Pendleton v. Benner Line, 246 U. S. 353, 356, 38 S. Ct. 330, 331, 62 L. Ed. 770, wherein the court said: "The contract was between human beings and the petitioner by his own act knowingly made himself a party to an express undertaking for the seaworthiness of the ship. That the statute does not limit liability for the personal acts of the owners done with knowledge is established by Richardson v. Harmon, 222 U. S. 96, 32 S. Ct. 27, 56 L. Ed. 110. It was said in that case, page 106 of 222 U. S., 32 S. Ct. 27, that section 18 leaves the owner 'liable for his own fault, neglect, and contracts.'" See. also, Luckenbach v. McCahan Sugar Refining Co., 248 U. S. 139, 39 S. Ct. 53, 63 L. Ed. 170, 1 A. L. R. 1522; Capitol Transportation Co. v. Cambria Steel Co., 249 U. S. 334, 39 S. Ct. 292, 63 L. Ed. 631; Amos D. Carver (D. C. S. D. N. Y.) 35 F. 665; Great Lakes Towing Co. v. Mill Transp. Co. (C. C. A. 6) 155 F. 11, 22 L. R. A. (N. S.) 769; The Loyal (C. C. A. 2) 204 F. 930; The E. S. Atwood (C. C. A. 2) 289 F. 737.

In addition to the cases referred to and cited, the Circuit Court of Appeals for the Third Circuit, in the case of Tucker Stevedoring Co. v. Southwark Mfg. Co., 24 F.(2d) 410, specifically holds that the statute is not available to shipowners as against their obligation on specific contracts. In this case, certiorari was denied at 277 U. S. 598, 48 S. Ct. 560, 72 L. Ed. 1007.

■ I agree with the reasoning expressed in that case, and, in addition, feel myself bound by it, unless, and until, some new ruling is made in the circuit or by the Supreme Court.

■ The only other question involved is with relation to the terms and meaning of the contract entered into between the Ford Motor Company and the New York Towing & Transportation Corporation. Did the towing corporation, in this contract, personally assume liability for damages sustained by the Ford Motor Company if caused by the negligence of the crew of the steamtug Philip J. Kenny?

Counsel for each party argues that the clause referred to is clear and unambiguous —each construing it to sustain his client's case.

I have had considerable difficulty in coming to a conclusion as to the effect of the clause in the contract, which is claimed to be a personal agreement to pay and satisfy "any and all" damages to the Ford Motor Company's property by reason of negligent operation of the tug. To my mind, it is not clear. Taking into consideration the other terms of the contract and the surrounding circumstances, I am satisfied that this clause was intended to indemnify and save harmless the Ford Motor Company from liability for any damage which might be inflicted on the barge while transporting property of the Ford Motor Company, or from claims which might be made against the barge by third parties "arising out of ownership, maintenance, navigation, operation, control or possession."

The only case of a similar character, which I have been able to find, is The E. S. Atwood (C. C. A. 2) 289 F. 737, supra. The court in that case held the charterer of a tug responsible on a personal contract which read as follows: "The contractor will be held responsible for all damage to vessels in the service of the quartermaster while under tow or being shifted, and he shall be held answerable for all damages that may occur to persons, property, animals, etc., or from collision or want of proper lighting, arising through negligence on the part of himself or his employees or trespassers."

A comparison of the two contracts shows a marked difference of obligation, and in that case a direct responsibility, which justified the court in decreeing personal liability.

■ It appears that the contract in question was prepared by the Ford Motor Company and accepted by the towing corporation. Under these circumstances, if deemed to be ambiguous, it would be my duty to resolve any doubt against the party preparing it. See The Pensacola (C. C. A. 5) 263 F. 661; Drainage Dist. No. 1 v. Rude, (C. C. A. 8) 21 F.(2d) 257. If the Ford Motor Company had intended that the towing corporation should be liable for damages to its property

while in transit, it could, and would I believe, have inserted this provision clearly in the contract.

The petition for limitation will be allowed, and the motion to require further security on appeal will be denied.