## THE S. & H. NO. 7.

### Petition of STEAMTUG S. & H. NO. 7, Inc., et al.

District Court, S. D. New York.
July 20, 1938.

Foley & Martin, of New York City, for petitioners.

William C. Chanler, Corp. Counsel, of New York City (Willard M. L. Robinson, of Brooklyn, N. Y., of counsel), for claimant City of New York.

HULBERT, District Judge.

The City of New York moves for an order dismissing the petition for exoneration from or limitation of liability filed herein by Steamtug S. & H. No. 7, Inc., and Sound and Harbor Towing Corporation, or in the alternative, for an order vacating the injunction order made and entered herein on or about April 15, 1938, or for an order modifying the said injunction order to permit the City of New York to implead Sound

and Harbor Towing Corporation as a party in the action brought by James McGeeney, as owner of scow Mabel McGeeney while under charter to The City of New York and while entrusted by The City of New York to Sound and Harbor Towing Corporation on Feb. 25, 1938, for towage pursuant to its contract with The City of New York entered into on Jan. 1, 1938, and to permit James McGeeney, as owner of scow Mabel McGeeney, to proceed against tug S. & H. No. 7, in rem in the suit now pending in this Court or to permit the City of New York to implead said tug therein and to permit the City of New York to implead Sound and Harbor Towing Corporation and tug S. & H. No. 7, in rem, in any action commenced against The City of New York in respect to any other claim for damage to scows sustained while in tow of tug S. & H. No. 7 on Feb. 25, 1938.

The motion is based upon a petition verified by the Acting Corporation Counsel of the City of New York June 21, 1938.

■ An objection is made that the allegation of the petition is insufficient, unsupported by an affidavit, to establish the existence of the contract therein alleged to have been made between The City and the Sound Harbor Towing Corporation. A conformed copy of the contract in question having been submitted that objection is overruled.

The City challenges the sufficiency of the petition to limit liability, verified April 14, 1938, upon the authority of E. I. Du Pont De Nemours & Co. Inc., v. Bentley et al., 2 Cir., 19 F.2d 354, upon the ground that Section 186 of Title 46 U.S.C.A. requires an allegation that the party seeking exoneration or limitation must allege that he manned, victualed and navigated the vessel at his own expense.

■ Recognizing the force of that objection the Court would however be disposed to permit an amendment, if the movant insists upon the objection, but it is alleged in the petition, upon which this motion is based, that the tug in question was "controlled and operated by the Sound and Harbor Towing Corporation, its agents, servants and employees" and that, it seems to the Court, obviates the necessity for the suggested amendment.

This motion is grounded upon a provision of the contract which reads as follows:

"(M) The Contractor agrees to deliver the vessel, scow or scows towed or shifted by him under this contract at the place designated by the Commissioner, in the same condition, ordinary wear and tear excepted, as when the towing and/or shifting began, but the Contractor is to be liable only for the negligence of his, its or their agents, servants and employees."

It is contended that this provision creates a personal responsibility. The E. S. Atwood, 2 Cir., 289 F. 737 and The Nat. Sutton, 2 Cir., 62 F.2d 787 are chiefly relied upon.

In the former a contract for towage contained the provision that:

"The contractor will be held *responsible for all damage* to vessels in the service of the quartermaster while under tow or being shifted, and he shall be held *answerable for all damages* that may occur to persons, property, animals, etc., or from collision or want of proper lighting arising through negligence on the part of himself or his employees or trespassers." (Italics supplied.)

In the latter case the contract contained a provision that the boat owner, operator or carrier should be *responsible* for all damage caused by their negligence.

There is no such provision in the contract in suit.

■ The right to limit liability is a statutory provision enacted by the Congress for the purpose of encouraging shipping and ship-building and should not be abridged unless by agreement of the party entitled to the benefits of the Act himself.

In Capitol Transportation Co. v. Cambria Steel Co., 249 U.S. 334, 39 S.Ct. 292, 63 L.Ed. 631, Mr. Justice Holmes, speaking for the Court, said: "We very much appreciate the danger that the act should be cut down from its intended effect by too easy a finding of privity or knowledge on the part of the owners, as also by too liberal an attribution to them of contracts as personally theirs. We are not disposed to press the law in those directions further than the cases go."

In The No. 34, 25 F.2d 602, at page 607, our own Circuit Court said: "It would seem that 'personal contracts' have thus far been limited to those of the nature of warranties where the obligation was to be performed by the obligor personally and that they have not been extended to promises to do acts necessarily performed through the intervention of others. The Ice King (C.C.A.) 261 F. 897."

Nor do I believe there is any reason to modify the injunction order heretofore issued.

The time within which the scow Cleary Bros. No. 54, or anyone connected therewith, may file a claim has not yet expired and it would be preferable to have all of the parties who may have any claims arising out of the loss in question before the Court in the same action or proceeding. In view of the status of the Admiralty Calendar, a trial may be had in the early Fall.

Application denied. Settle Order on notice.