**Petition of HUTCHINSON.**

**THE SPARE TIME II.**

District Court, E. D. New York.
Oct. 31, 1938.

Purdy & Lamb, of New York City, for the motion.

Foley & Martin, of New York City, opposed.

INCH, District Judge.

The question presented is whether Robinson, or any other person allegedly injured on a yacht owned by Hutchinson, gave to or filed with Hutchinson, a written notice of claim prior to the commencement of an action by Robinson in the State Supreme Court? In re Grasselli, 2 Cir., 20 F.Supp. 394, 1937 A.M.C. 1070.

The petitioner Hutchinson is, and at the times mentioned herein was, the owner of the yacht "Spare Time II". During the afternoon of June 7, 1937, while Robinson was on board engaged in repairing a bilge pump on the yacht as she lay in Greenport Harbor, Long Island, an explosion, followed by a fire, occurred by which Robinson and others were injured. About 11 months thereafter, on or about April 28, 1938, an action was commenced by Robinson against Hutchinson in the Supreme Court, State of New York, by which he seeks to recover damages for alleged personal injuries in the sum of $50,000. On June 13, 1938, Hutchinson duly answered said complaint and the action is at issue on the calendar of the Supreme Court, County of Suffolk, State of New York.

Within six months following the commencement of the said action, Hutchinson, on September 30, 1938, filed, in this court, a petition for limitation of his liability etc. Judge Byers on that day signed the usual restraining order and the order appointing a commissioner.

On October 13, 1938, counsel for Robinson, appearing specially, made this motion for an order dismissing this petition of Hutchinson on the ground that it was not filed in time in accordance with the Act of Congress, as amended, relating to limitation of liability. Title 46, U.S.C., § 185, 46 U.S.C.A. § 185.

This section, so far as material, provides that "the vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition" etc.

This limitation on the unlimited right heretofore enjoyed by shipowners is the

**520**

result of the amendment of June 5, 1936, Chap. 521, § 3, 49 Stat. 1480.

■ If therefore the commencement of the suit by Robinson was the first written claim given to or filed with Hutchinson he had a right to file his petition and this motion to .dismiss must be denied. Mere knowledge of an accident or information given orally by a third party or even by a claimant does not come within the new restriction placed upon the remedy provided or right given to a vessel owner.

However, counsel for Robinson assert that the said action was not the first written claim given to Hutchinson or filed etc.

We must turn to the affidavits submitted in order to find whether this is so or not.

Immediately after the accident Robinson and the others were taken to a hospital and there received treatment for their injuries. The bills for such treatment were made out to each of the injured persons. They did not pay them. Whereupon they were mailed by the hospital to Hutchinson. This was because a doctor connected with the hospital says that Hutchinson told him that he, Hutchinson, would pay them. Thereafter an officer of the hospital, who was also attorney for same, wrote Hutchinson requesting him to pay these bills because of the understanding that Hutchinson had agreed to pay them. Robinson, in his affidavit, states "I wrote no claim personally to Hutchinson because it was many months before I could hold a pen". Nor is there any evidence offered of any written claim given or filed by the others except in the manner above stated.

All of these efforts by the hospital to obtain payment of its bills made out to the individuals based on the promise of Hutchinson to pay them took place either within a few weeks or months after the accident or at least during the month of January 1938, at which time the attorney for the hospital called the attention of Hutchinson to his alleged promise to pay them.

■ It can be seen therefore that the claim or claims here relied on by counsel for Robinson is or are based entirely on Hutchinson's promise to pay. If this is sufficient, said counsel is correct in asserting that Hutchinson's petition is barred by the law above mentioned. Assuming that

Hutchinson did agree to pay the bills so rendered to the individuals injured this was a personal contract and Hutchinson could not avoid his promise by limitation proceedings. There would be no such protection afforded him by the Act.

The statute does not limit liability for such personal act or contract. Pendleton v. Benner Line, 246 U.S. 353-356, 38 S.Ct. 330, 62 L.Ed. 770.

By personal contract is understood a contract made by the shipowner as distinguished from one imputed.to him by law and liability for acts of others in virture of his ownership of the vessel. Benner Line v. Pendleton, 2 Cir., 217 F. 497; affirmed, 246 U.S. 353, 38 S.Ct. 330, 62 L.Ed. 770.

■ The liability that the Act of Congress designs to limit is that which the law imputes to the shipowner by reason of his relation to the ship, her master and crew, not that liability which he voluntarily assumes by express contract. Richardson v. Harmon, 222 U.S. 96, 32 S.Ct. 27, 56 L.Ed. 110; Luckenbach v. W. J. McCahan Sugar Refining Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, 1 A.L.R. 1522; Capitol Transp. Co. v. Cambria Steel Co., 249 U.S. 334, 39 S.Ct. 292, 63 L.Ed. 631; McPhail v. Williams, D.C., 41 F. 61.

■ It seems to me that the claimant must be a person who gives or files notice that he claims damages for something for which the shipowner may possibly limit his liability in accordance with the Statute and the Admiralty Rules.

No claim or notice of claim is presented by this motion as having been given or filed prior to the commencement of the court action by Robinson.

This is all that is necessary to now decide.

I may add however, that while no statutory form of claim or notice of claim is required the usual procedure, which has not been changed, indicates what it should consist of. See Benedict on Admiralty, 5th Ed., Vol. 1, Section 512, p. 615. He must be a claimant under the Act. United States v. Benecke, 98 U.S. 447, 25 L.Ed 192. Mere notice or knowledge, on the part of the owner, of the accident is insufficient.

Motion to dismiss is denied. Submit order.

If this opinion is not considered sufficient compliance with the rule 46½ of the Rules in Admiralty, 28 U.S.C.A. following section 723, findings of fact and conclusions of law in accordance herewith may be submitted.