## THE CITY OF COLUMBUS.

### BOSTON & SAVANNAH STEAM-SHIP Co. *v.* BROWN and others.

### FAUCETT, Adm'r, *v.* BOSTON & SAVANNAH STEAM-SHIP Co.

### BROWN *v.* SAME.

*(District Court, D. Massachusetts. December 3, 1884.)*

1. LIMITATION OF LIABILITY OF SHIP-OWNERS — REV. ST. § 4283—PERSONAL INJURY AND LOSS OF LIFE.

    Section 4283 of the Revised Statutes, limiting the liability of ship-owners for any loss or damage occasioned or incurred without the privity or knowledge of such owners to the amount of the interest of such owners in the vessel and her freight, extends as well to claims for personal injuries suffered by passengers, and for loss of life of passengers, whether arising under the general law of admiralty, or under federal or state statutes, as to claims for embezzlement, loss, or destruction of property, goods, and merchandise.

2. SAME—STAY OF SUITS FOR DAMAGES.

    Pending a determination of the question of such liability under section 4283 of the Revised Statutes, the prosecution of suits for damages against the owners, whether in the court where such proceedings are pending or in the state courts, will be stayed.

3. SAME—INSURANCE ON VESSEL AND FREIGHT—SURRENDER TO CLAIMANTS.

    Insurance effected by the owners on the vessel and her freight is not an "interest in such vessel and freight" which they are bound to surrender for the benefit of the claimants, within the meaning of Rev. St. § 4285.

In Admiralty.

These cases were heard together, as involving the same questions of law, arising out of the stranding and sinking of the steam-ship City of Columbus off Gay Head, Martha's Vineyard, January 18, 1884. After the loss of the steam-ship, the Boston & Savannah Steam-ship Company, as owner thereof, filed in this court, February 18, 1884, a libel to limit its liability under Rev. St. § 4283, claiming limitation for all losses to the value of its interest in the vessel and pending freight after the loss. Upon this libel, appraisal of the value of such interest in vessel and freight was ordered and had, and thereupon the company gave proper stipulation to pay the amount into court whenever ordered, as provided by admiralty rule 54. The court then issued a monition to "all persons claiming damages for any loss of life or property, or destruction, damages, or injury, by reason of, or caused by, or arising out of, said striking on the rocks, stranding,

and sinking, as aforesaid," to appear before this court, on the first day of July, 1884, and make due proof of their respective claims in the premises. Service of this monition was made as required, and the court, on March 4th, on application of said company, made an order restraining "the further prosecution of all and any suit or suits against said company, in respect of any such claim or claims for any loss, destruction, damage, or injury by reason of, or caused by, or arising out of, the loss, damages, and acts in said libel or petition set forth." Various claimants filed exceptions to the libel for limitation, claiming that the limitation of liability claimed was, under the act of congress, limited to loss of property, and did not extend to loss of life or personal injuries. They also filed motions that all insurance money paid on account of the loss of said steam-ship should be ordered to be paid into court and appropriated to payment of claims of loss, as part of the interest of the owner in said steam-ship. Claimants also filed separate libels in admiralty against the company, to recover for loss of life and personal injuries. To these libels the company filed exceptions, claiming that such losses were within the limitation of liability, and that the court had no jurisdiction to entertain separate suits while the proceedings for limitation under the libel of the company were pending.

F. *Goodwin* and E. P. *Carver*, for claimants.

C. T. *Russell* and C. T. *Russell, Jr.*, for Boston & Savannah Steamship Company.

NELSON, J. 1. Section 4283, Rev. St., limiting the liability of shipowners for any loss or damage occasioned or incurred without the privity or knowledge of such owners, to the amount or value of the interest of such owners in the vessel and her freight then pending, extends as well to claims for personal injuries suffered by passengers, and for loss of life of passengers, whether arising under the general law of the admiralty or under federal or state statutes, as to claims for embezzlement, loss or destruction of property, goods, and merchandise.

2. The question whether the owners of the steam-ship City of Columbus are liable at all for the consequences of the stranding and sinking of that steam-ship, and, if liable, whether their liability is to be limited to the value of the vessel and her pending freight, must be determined in the proceedings instituted by the owners, and now pending in this court, to obtain the benefit of the statute of limitations. In the mean time, the further prosecution against the owners of suits for damages growing out of the disaster, whether in this court or the courts of the state, must be stayed.

3. Insurance effected by the owners on the steam-ship and her freight is not an "interest in such vessel and freight" which they are bound to surrender for the benefit of the claimants, within the meaning of Rev. St. § 4285.

Ordered accordingly.