## BLACK *v.* SOUTHERN PAC. R. Co.

*(Circuit Court, N. D. California.* July 29, 1889.)

1. SHIPPING—LIABILITY OF VESSEL FOR TORT—LIMITING LIABILITY—PROCEEDING EXCLUSIVE.

    Proceedings of the United States district court, under admiralty rule 54, United States supreme court, and sections 4283–4285, Rev. St., the act of congress of June 26, 1884, and section 4289, Rev. St., as amended by act of June 19, 1886, to limit the liability of ship-owners for loss or damages to persons or goods, supersede all other actions and suits for the same damages in the state or national courts, upon the matters being properly presented therein.

2. SAME.

    In the nature of the case, where the jurisdiction of the district court has attached, it is exclusive.

3. SAME—TIME OF FILING PETITION—RULE 54.

    The petition or libel may be filed in the district court before, as well as after, suit commenced to recover damages.

·(*Syllabus by the Court.*)

At Law. Motion to stay proceedings and strike the case from the calendar.

The steamer Julia was a duly enrolled and licensed vessel, under the laws of the United States, for the coasting trade, and was employed, in connection with the railroad of the Southern Pacific Company, as a part of its continuous line of overland transportation between the state of California and other states, in the business of commerce and navigation, and in navigating between Vallejo Junction, in the county of Contra Costa, across the straits of Carquinez, to South Vallejo, in Solano county, in the state of California, upon tide waters, and within the admiralty jurisdiction of the United States. On February 27, 1888, as she was leaving her dock at South Vallejo for Vallejo Junction, with a considerable number of passengers, but without cargo, her boilers exploded, in consequence of which about 30 passengers lost their lives, and 8 others were injured, and the steamer was so largely damaged that she was beached at South Vallejo. The Central Pacific Railroad Company as owner, and the Southern Pacific Company as lessee, in pursuance of admiralty rule 54, thereupon filed a petition in the United States district court for the Northern district of California, stating the foregoing and other necessary facts; that suits were about to be commenced against them by the heirs and representatives of the parties killed, and by parties injured, for sums largely in excess of the value of the interest of the petitioners in the vessel and freight; and prayed that they might be declared entitled to the benefit of the act of congress as expressed in sections 4283, 4284, and 4285 of the Revised Statutes of the United States, and of an act passed June 26, 1884, and particularly section 18 of said act; also the benefit of section 4289, Rev. St., as amended by an act passed June 19, 1886. They also asked that they might be permitted to convey all their interest in said steamer and freight to a trustee to be named by the court, for the benefit of the parties injured, and the heirs and representatives of those

killed, and that they might be discharged from further liability in the premises. The court rendered a decree appointing a trustee, and authorizing a conveyance for the benefit of the heirs of those killed and the parties injured, and the conveyance was made in pursuance of the order. After the filing of the said petition the plaintiff commenced this suit to recover $50,000 for injuries alleged to have been sustained by the explosion on said steamer Julia; whereupon the defendant presented to this court a certified copy of the petition, and said decree of the district court, entered thereon, and on affidavits stating the facts, moved that the proceedings in this case be suspended, and the case stricken from the calendar.

*Benj. Morgan*, for plaintiff.

*T. I. Bergin*, for defendants.

Before SAWYER, Circuit Judge.

SAWYER, J., (*orally*.) This is an action to recover damages for injuries sustained by the explosion of the boilers on the steamer Julia. After the explosion, and a few days before the commencement of this suit, the Southern Pacific Company, and the Central Pacific Railroad Company, filed a petition in the United States district court stating the facts about the explosion, and the number of persons that were injured and killed, and offered to surrender the vessel, and all their interest in it, and asking to be allowed the advantages provided under the statutes of the United States in such cases. The district court rendered a decree after monition, accepting the property, and appointing a trustee, to whom they conveyed it in pursuance of the offer in the petition, and decree entered thereon. A few days after that, the plaintiff, Black, commenced this suit for $50,-000, damages for injuries sustained by the explosion. This is a motion to stay proceedings, and strike the case from the calendar. More properly it should have been in terms to dismiss the case, the district court having jurisdiction of the entire subject-matter of this suit as well as of the surrender of the vessel, to distribute the proceeds under the statute, and detetermine whether the company should be exempted from any further payment after the surrender of the vessel thus made or not. In the case of *Steamship Co.* v. *Manufacturing Co.*, 109 U. S. 578, 3 Sup. Ct. Rep. 379, 617, the United States supreme court held that the district court having acquired jurisdiction, its jurisdiction so acquired is, in the nature of the case, exclusive, and it is the duty of all other courts to whose attention the matter is properly brought to suspend proceedings, dismiss the suit, and refer the whole matter to the district court. That was affirmed in the case of *Butler* v. *Steamship Co.*, 9 Sup. Ct. Rep. 612.

The plaintiff opposes this motion on the ground that under rule 54 of the United States supreme court in admiralty relating to these matters, inferentially, the company are only authorized to file their petition in the district court after a suit has been commenced. The form of the rule is a little ambiguous it is true. It is that a petition or a libel may be filed in the district court after the suit has been commenced, but it does not say anything about filing it before suit commenced. In the case of *Ex*

*parte Slayton*, 105 U. S. 451, the supreme court held that under this rule a petition may be filed before, as well as after, the commencement of the suit, so that the supreme court has construed its own rule, adversely to the position taken by the plaintiff. The defendant has filed a copy of the petition in the district court, and of the decree upon it, and there is no dispute as to its correctness except that the decree has been modified by striking out the injunction. The remainder of the decree remains as it was. When brought to the attention of this court, its duty, is, according to the decisions of the supreme court, to suspend all proceedings in the case. The supreme court of the United States says that the suit should be dismissed. The motion here, in form, is, to suspend all further proceedings in the case, and to strike the case from the calendar. I do not know exactly what is meant by striking the case from the calendar, otherwise than dismissing it. We are not in the habit of striking cases from the calendar until they are disposed of, because inconvenience may result therefrom many years afterwards. The proceedings will be suspended, and I think, the suit may as well be dismissed. If counsel, however, think that is not proper, I will leave them to move to amend in that particular. Let the proceedings be suspended, and the suit dismissed.