Petition of ANTHONY O'BOYLE, Inc.

District Court, S. D. New York.

July 14, 1943.

Benjamin Green, of New York City (Jacob Rassner, of New York City, of counsel), for claimant.

E. C. Sherwood, of New York City (Frederic J. Locker, of New York City, of counsel), for petitioner.

GODDARD, District Judge.

Exceptions to and motion to dismiss petition for limitation.

On June 2, 1941, Vincenzo Pinto, employed as a stevedore by the Universal Terminal & Stevedoring Company, was engaged aboard the "S.S. Kamitrious Chandris" in handling large steel plates which were being lowered on board the steamer by the petitioner's floating crane derrick "O'Boyle No. I". As a result of the alleged defective condition and negligent operation of the crane, one of the drafts fell and injured Pinto.

On April 23, 1943, a summons and complaint was issued from this court in which claimant sought to recover $75,000 from the owner of the "O'Boyle No. I" for his injuries. Thereafter the owner instituted proceedings to limit its liability pursuant to Sections 4283, 4285 4286, 4289, R.S. 46 U.S.C.A. §§ 183, 185, 186, 188, and on June 8, 1943, by order of the court, filed a bond for $10,604, the appraised value of the "O'Boyle No. I".

■ Claimant excepts to the petition for limitation on two grounds:

One. That although the petitioner is the owner of the "O'Boyle No. I", it is not entitled to invoke limitation proceedings since it alleges in its petition "that said vessel at the time of said accident was not under the direction and control of petitioner".

This exception is entirely without merit. R.S. Section 4283, 46 U.S.C.A. § 183, does not confine the right of limitation to an owner who directs and controls the operation of the vessel. Quinlan v. Pew et al., 1 Cir., 56 F. 111.

■ Two. That the proceedings for limitation were not instituted within six months after claimant had given to or filed with petitioner written notice of claim.

Section 185 as amended June 5, 1936, provided in part: "The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter * * *".

A physician examined the claimant on June 2, 1941, on behalf of claimant's employer, the Universal Terminal & Stevedoring Company, pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., and on June 6, 1941, mailed a report on the Compensation Commission's form to the Travelers Insurance Company, the compensation insurance carrier of claimant's employer, Universal Terminal & Stevedoring Company. The report sent to the Travelers Insurance Company was the usual one to be filed in connection with a claim for compensation from claimant's employer, Universal Terminal & Stevedoring Company; it contained no claim for damages against petitioner nor anyone else. As a mere coincidence the Travelers Insurance Company carried compensation insurance for the Universal Terminal & Stevedoring Company and it carried liability insurance for the petitioner, but no knowledge of any claim for damages could be imputed to the Insurance Company as no claim was made.

■ Although notice of claim need not be in any particular form, it must be such as to inform the owner of claimant's intention to look to the owner for damages. Mere notice or knowledge on the part of the owner of the accident and injury is not sufficient. Petition of Hutchinson, D.C., 28 F. Supp. 519.

It was not until April, 1943, that any claim was made against petitioner; then an election to sue was filed in behalf of claimant with the United States Employees Compensation Commissioner and suit instituted

432

against petitioner. This was less than six months ago. Therefore claimant's second exception is not sustained.

Exceptions are dismissed and the motion to dismiss the petition for limitation is denied.

Settle order on notice.