Matter of the Petition of SOUTHERN STEAMSHIP COMPANY and Philadelphia and Norfolk Steamship Company for exoneration from or limitation of liability.

No. 1733.

United States District Court
D. Delaware.

June 8, 1955.

James R. Morford and Ernest S. Wilson (of Morford & Bennethum), Wilmington, Del.; and Thomas E. Byrne, Jr. (of Krusen, Evans & Shaw), Philadelphia, Pa., for petitioners.

Herbert L. Cobin, Wilmington, Del., and Henry E. Howell, Jr. (of Jett, Sykes & Howell), Norfolk, Va., for respondents.

318

RODNEY, District Judge.

This matter arises upon a motion to dismiss a petition for limitation of liability filed by a shipowner by virtue of 46 U.S.C.A. § 185. The facts were as follows. On December 2, 1954, the steamship Southern Districts left Freeport, Louisiana, bound for Bucksport, Maine, where she was due to arrive on December 10. Not hearing from the vessel by December 8th, intensive efforts were made by the owners and charterers, Southern Steamship Company and Philadelphia and Norfolk Steamship Company, and by the United States Coast Guard to ascertain some tidings of the vessel. At one time some nine airplanes are stated to have engaged in the search besides Coast Guard cutters and all ships were alerted to give any clues. All were without material information and the intensive search was abandoned about December 16th, this exact date being somewhat in dispute. On December 14th the owners of the vessel telephoned Mrs. Corinne L. Hudson, the wife of a mate of the vessel, that such vessel was overdue and on December 21, 1954, the owners wrote Mrs. Hudson that the vessel, master and all members of the crew (some twenty-two in number) must be presumed to be lost. In this letter the owners reported that certain inquiries were being conducted and stated, "We anticipate that the United States Coast Guard will conduct an inquiry and certain other proceedings have been instituted in the United States District Court at Wilmington, as Wilmington is the home port of the vessel."

As a matter of fact four days preceding the date of this letter and on December 17th, the owners had filed in this Court a petition for limitation of liability pursuant to 46 U.S.C.A. § 185, and had obtained an injunction against the commencement or prosecution of any actions or suits of any nature arising out of the last voyage of the Southern Districts.

On December 31, 1954, Corinne L. Hudson qualified as administratrix of the Estate of Dwight L. Hudson, who had been a mate on the Southern Districts,

and on the same day filed a suit in the United States District Court for the Eastern District of Virginia.

On January 5, 1955, Mrs. Hudson as administratrix, as aforesaid, filed a libel in personam in the U. S. District Court for the Eastern District of Virginia and attached certain property of the petitioners in the present case, being another vessel owned by them, viz., Southern Cities.

On April 11, 1955, the owners and charterers of the Southern Districts who, on December 17, 1954, had filed a petition for limitation of liability moved for a citation against Corinne L. Hudson and her several attorneys in Norfolk, Virginia, for contempt of this Court by reason of the violation of the injunction. The respondents filed an answer in which they specifically deny any knowledge of the injunction or of the limitation of liability proceeding at the time their suit was filed in Virginia.

A hearing was had on May 27 when three questions were presented.

(1) The motion of the petitioners with respect to the contempt proceedings.

(2) The respondents have moved for the dismissal of the limitation of liability proceedings as being prematurely and improvidently entered, or

(3) In the alternative for a removal of the proceedings to the U. S. District Court for the Eastern District of Virginia.

The chief matter of interest arises under the respondents' motion to dismiss for if the limitation of liability proceedings is not properly before this Court the other motions would receive but scant attention.

The petition for limitation of liability was filed December 17, 1954, pursuant to 46 U.S.C.A. § 185, as amended in 1936, which reads, in part, as follows:

"The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition

a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter * * *."

At the time the petition for limitation of liability was filed no libel had been instituted, no suit had been entered and no claim, written or oral, had been presented to the owners.

The motion to dismiss the limitation of liability proceedings as being prematurely and improvidently entered and being based upon the fact that no notice of claim had been filed calls for a consideration of the Statute and the pertinent Admiralty Rules.

It seems entirely clear that at common law the owner's liability was limited only by the amount of the loss and the owner's ability to pay. Limitation of liability is created solely by statutory enactment. The first English Act upon the subject seems to date from 1734. Massachusetts and Maine legislated upon the subject at an early date but the first Act of Congress was that of March 3, 1851,[1] which followed largely the English Acts. There seems no doubt that the American Act, like the others, was passed as a matter of public policy to encourage shipbuilding and shipowning and the American Act was passed to enable the owners of American ships to compete with foreign owners upon equal terms. Being passed in the public interest and as a matter of public policy, it is to be given a liberality of construction sufficient to give the full benefit of the immunities intended to be secured to the shipowners. Lower courts are admonished by the Supreme Court[2] that the construction should not be accomplished with a "tight and grudging hand". Because, however, the statute is in derogation of the common law and abridges the rights of a claimant to a full recovery of his damages, it is not to be construed to interfere with the rights of claimants to a greater extent than is necessary to fully and adequately effectuate the purpose of the Act.

The original Act of Congress in 1851 declared and defined the substantive right of the shipowner to limited liability, but left matters of procedure to be developed in the courts, the only legislative requirement being that shipowners take "appropriate proceedings in any court". The Supreme Court in Norwich & New York Transp. Co. v. Wright, 13 Wall. 104, 80 U.S. 104, 20 L.Ed. 585, recognized the definite need for a standard and uniform procedure, and in the year following that decision, 1872, issued Admiralty Rules 54–57, 28 U.S.C. These rules declared that claims should be instituted in the District Court, established venue and jurisdictional requirements and outlined the general procedural pattern of limitation proceedings. No rule of court, then or subsequently, required a shipowner to initiate limitation proceedings at or within any certain time. Indeed prior to the amendment of 1936 the shipowner could, and often did, wait until he had been sued by one or more claimants, and even waited until after judgment against him, before such shipowner invoked the limited liability act.[3]

The legislative history of the amendment of 1936, viz., the proceedings of the Committee of the House on Merchant Marine and Fisheries, clearly indicates that the purpose of the amendment was to introduce a limitation of time for the filing of limitation of liability proceedings. This limitation of time, viz., six months, clearly had to have a beginning point so that it could be measured with exactness. The damages to or loss of a vessel would not necessarily be an appropriate time for that purpose for such damage or loss might not be able to be

1. 9 Stat. 635.

2. Providence & New York SS. Co. v. Hill Mfg. Co., 109 U.S. 578, 589, 3 S.Ct. 379, 386, 617, 27 L.Ed. 1038.

3. Larsen v. Northland Transportation Co., 292 U.S. 2ſ, 54 S.Ct. 584, 78 L.Ed. 1096;

The Fred Smartley, Jr., 4 Cir., 108 F.2d 603, certiorari denied S. C. Loveland, Inc., v. Pennsylvania Sugar Co., 309 U.S. 683, 60 S.Ct. 724, 84 L.Ed. 1027; The Bright, D.C., 38 F.Supp. 574, affirmed 4 Cir., 124 F.2d 45.

proven at all or be subject to divergent testimony. It seems not improbable that the time of service of a written notice of claim was adopted as a time as to which there could be no doubt and from which the statutory period of six months could be definitely determined.

■ It seems entirely clear that the amendment did not create in a shipowner any new right to limited liability proceedings. That right was pre-existing and had existed for the 85 years intervening since 1851. The amendment created for the first time a limitation of time for the exercise of that pre-existing right.[4]

There is no indication that Congress by the amendment intended, by implication, to repeal the pre-existing right to limited liability proceedings and to create a new right stemming alone from that amendment.

The respondents, however, in contending that a shipowner may not by the amendment of 1936 invoke limited liability proceedings prior to a written notice of a claim, argue that a contrary view destroys the priority of venue rights arising under the Admiralty Rules. To these Rules, then, some attention must be given. Before considering the Rules themselves, it is well to consider their purpose as expressed by the Supreme Court itself.

In The Scotland, 105 U.S. 24, 26 L.Ed. 1001, it was said that the admiralty rules were not intended to prevent an owner from availing himself of any other remedy or powers which the law entitled him to adopt but to aid him in bringing into concourse those having claims against him arising from the acts of the master or crew.

It will be noted that the following admiralty rules do not, in terms, deal with the time that a shipowner may bring proceedings for limited liability.

The present Admiralty Rule 54 was No. 57 as originally adopted in 1872 (80 U.S. XII). Under this rule limitation proceedings might be filed in any court where a libel had been filed and if no libel had been filed then in any court in which the owner "may be sued".

This original Rule 57 was amended at the October Term 1888 (130 U.S.Appendix 705) by which limitation proceedings might be had in any district in which the ship was located.

The rules were re-promulgated in 1921[5] but other than changing old Rule 57 to a new number 54 no alteration, material in this case, was made.

■ In 1947[6] the present rules were adopted. These rules provided, by Rule 54, that limitation proceedings might be filed:

(1) In the district where the vessel has been libeled,

(2) If there has been no libel, then the proceedings may be filed in a district in which the owner "has been sued",

(3) If there has been no libel and no suit has been commenced, then the proceedings may be filed in the district in which the vessel may be,

(4) If the vessel is not within any district and no suit has been brought, then the limitation proceedings may be had in any court.

Another new element appearing in the 1947 Rules was that, for the convenience of the parties, the Court may transfer the proceedings to any other District. Thus any question of priority of venue is of a temporary nature to be finally determined as a matter of sound judicial discretion for the convenience of the parties.

The respondents cite Rule 54 as indicating not only venue under varying circumstances but a fixed priority of choice of venue. The respondents, in essence, contend that a shipowner may move for limitation of liability only when a claim-

---

4. The Fred Smartley, Jr., 4 Cir., 108 F.2d 603, 607; The Bright, D.C., 38 F.Supp. 574, 577.

5. 254 U.S.Appendix 669.

6. 334 U.S. 869.

ant has either (1) libelled the ship, or (2) has sued the shipowner, or (3) has given notice of a claim but has not brought suit. The respondents must further contend that it is only with reference to category (3) that the shipowner can select the forum for if a libel has been filed or suit brought then the limitation proceedings must be brought where such libel or suit exists.

The contention of the respondents can not, I think, be accepted now and it has not been accepted in the past. I am of the opinion that the venue proceedings were intended, as the Supreme Court says, to bring all the claims against the owner "into concourse" and this with a minimum of expense and inconvenience. As said in The Alpena, D.C., 8 F. 280, 285, the Rules do not mean that the owner must await a libel or suit by a claimant before instituting limitation proceedings but mean if he should await such proceedings or if the libel or suit is filed, then the limitation proceedings must be filed in the District where such libel or suit was brought.

It is plainly apparent that the foregoing Rules give no priority or choice of venue to a claimant unless, in fact, a libel or suit antedates the limitation proceedings. A vessel must either be within a district or not within a district. If the vessel is within a certain district and no libel filed or suit brought, then the owner can by the very terms of the Rules and by the third category thereof bring his limitation proceedings in that district and this without any preceding action by any claimant; if the vessel is not within any district and no suit has been brought, then the owner can by the terms of the same Rules and by the fourth category institute his limitation proceedings in any district and without any preceding action by any claimant.

The respondents' contention that a shipowner cannot initiate a proceeding to limit liability without some prior action on behalf of a claimant is not a matter of first impression and where it has been heretofore advanced it has been rejected.

Dealing with the predecessor to Admiralty Rule 54 (old Rule 57), the Court, by Blodgett, J., in The Alpena, D.C., 8 F. 280, considered whether a court could take jurisdiction of an action initiated by a shipowner and before any action taken by a claimant. At that time, as noted above, the Rule's implications were stronger support for claimant's construction, since venue had been provided only for those cases where the claimant had libelled the ship or sued the owner. Judge Blodgett specifically repudiated the argument, similar to that made in the present case, that the law did not contemplate original action by the shipowner, but required him to wait until a claimant sued. He had no doubt that the shipowner could proceed without prior action by a claimant.

The Supreme Court, in a prohibition proceeding, reported as Ex parte Slayton, 105 U.S. 451, 26 L.Ed. 1066, affirmed the Alpena case and the principles therein expressed. The holding in the Slayton case is tersely disclosed by the syllabus:

> "The owner of a vessel may, before he or it is sued, institute appropriate proceedings in a court of competent jurisdiction, to obtain the benefit of the limitation of liability provided for by Secs. 4284 and 4285 of the Revised Statutes."

being the statutory proceedings herein considered.

The same views are set out in The John Bramall, 13 Fed.Cas. 655, at page 658, being Case No. 7,334; Black v. Southern Pac. R. Co., C.C., 39 F. 565; In re Thames Towboat Co., D.C., 21 F.2d 573 and see Ex parte Phenix Ins. Co., 118 U.S. 610, 624, 7 S.Ct. 25, 30 L.Ed. 274. No case to the contrary has been found.

It would be difficult to arrive at a conclusion at variance with the conclusion herein reached. Here, as indicated, no libel had been filed, no suit brought and no written notice of claim served on the owner. If, in fact, the written notice of claim had been served on the owner it

**322**

would, in no way, have limited the owner's choice of forum for the suit could have been then filed in any District Court. The suit was filed in the home port of the vessel and the state of incorporation of the owner.

■ I am of the opinion from the authorities hereinbefore cited and the proper construction of the statute that the motion to dismiss the limitation of liability proceedings must be denied.

■ The alternative motion of the respondents to transfer the case to the Eastern District of Virginia must also, upon the present showing, be denied. It appears that some twenty-three persons were on the ill-fated vessel on the last voyage. Only four of these are shown to have any connection with the Eastern District of Virginia, being represented by the same counsel. Some twenty odd claims have been filed in this Court without any request for transfer or indication that this District is an inconvenient forum. Under these circumstances it would be manifestly improper to burden another court with the trial of this case which is properly instituted here and to compel the claimants to go to another jurisdiction for the prosecution of their claims.

■ This then brings me to a consideration of the liability of the respondents for contempt in bringing their actions and issuing their attachment in Virginia after the institution of the proceedings in this Court and the issuance of an injunction barring other proceedings. The owners-petitioners, in their brief, disclaim any desire for an actual present adjudication of contempt against the respondents. What the petitioners purportedly seek is a withdrawal of the suit instituted by the respondents in the Eastern District of Virginia and the release of the attached property in the custody of the Marshal in that District.

No motion or proper pleading seeking such remedy is on record in this suit and no order of Court may be made upon a mere suggestion in the brief.

■ The respondents now know of the pendency of this limitation of liability proceeding and the injunction heretofore issued. The effect of such proceedings as superseding all other actions or suits in state or federal courts seems clear.[7]

Indeed, the Supreme Court has held that the superseding effect of the limitation proceedings does not depend upon the injunction but upon the object and intrinsic nature of the proceedings themselves. It was said that "The very nature of the proceeding and the monition has the effect of a statutory injunction."[8]

Further consideration of contempt proceedings or other affirmative relief to the petitioners must await the action of the respondents or further application of the petitioners.

An appropriate order may be submitted.

7. Providence & New York S.S. Co. v. Hill Mfg. Co., 109 U.S. 578, 3 S.Ct. 379, 617, 27 L.Ed. 1038; Butler v. Boston Steamship Co., 130 U.S. 527, 9 S.Ct. 612, 32 L.Ed. 1017; Dowdell v. U. S. District Court, 9 Cir., 139 F. 444; Black v. Southern Pac. R. Co., C.C., 39 F. 565; The City of Columbus, D.C., 22 F. 460.

8. Metropolitan Redwood Lumber Company v. Doe (The San Pedro), 223 U.S. 365, 372, 32 S.Ct. 275, 276, 56 L.Ed. 473 and cases collected in 3 Benedict on Admiralty, p. 399.