**Petition of J. E. BRENNEMAN COMPANY for exoneration from or limitation of liability.**

**No. 117 of 1957.**

United States District Court
E. D. Pennsylvania.

Sept. 19, 1957.

Beechwood, Lovitt & Murphy, by Joseph J. Murphy, Rawle & Henderson, by Thomas F. Mount, Philadelphia, Pa., for plaintiff.

Abraham E. Freedman, of Freedman, Landy & Lorry, Philadelphia, Pa., for Eastern Gas & Fuel Associates, and others, for defendant.

GANEY, District Judge.

The question posed by the claimants' exceptive allegations to a petition for

exoneration from or limitation of liability is whether a certain document constituted written notice within the meaning of R.S. § 4285, as amended by § 3 of the Act of June 5, 1936, 49 Stat. 1480, 46 U.S.C.A. § 185.

On July 20, 1956, while the pile driver vessel "Hercules", owned and operated by the petitioner, was moored at claimants' pier in the Delaware River, Philadelphia, Pa., a fire destroyed the "Hercules" and damaged the pier. As a result claimants suffered extensive damages. Petitioner, which had been doing repair work on the pier prior to the fire, was engaged by the claimants to repair the damage. It was requested to make a survey of the damages and to prepare a list of the items needing repair and replacement.

Five days later, at a meeting attended by petitioner and its insurance carrier, and claimants and their insurance carriers, copies of a document containing a list of the items damaged by the fire were given to all the persons present. The document, consisting of fourteen typewritten pages, and dated July 25, 1956, provides as follows:

"To Whom it May Concern:

"We, the undersigned, have this day held survey on the Pier of the Philadelphia Coke Company, located at the Foot of Buckius St., Philadelphia, Pa. to determine the extent of the damage caused by fire of unknown origin July 20, 1956, discovered at approximately 1.40 a. m.

"The pier is a high deck creosoted timber structure, 44 ft. wide by 520 ft. long with pile bents at 10 ft. centers. Extent of fire damaged ranged from Bent. No. 5 at the inshore end to Bent No. 37.

"Condition of timber and intensity of char is noted bent by bent under remarks by the depth of char, being classified as light ($\frac{1}{4}$" or less); medium ($\frac{1}{4}$" to $\frac{1}{2}$") and heavy ($\frac{3}{4}$" plus or minus).

"Condition of caps, clamps, cross bracing, bearing pile splices, spur pile splices is noted for each bent. Condition of deck and stringers is noted for each bay for example bent No. 4 and No. 5.

"*Bent No. 4*

"Remarks: Upriver outshore light char

"*Bent No. 4 to No. 5*

"Remarks: Deck heavy char Stringers medium char"

Then followed approximately thirteen pages of a list of the items to be repaired or replaced.

The document concluded as follows:

"It is understood and agreed that the work is to proceed with all possible speed and cost to be continued on a time and material basis.

"Surveyors Sign Without Prejudice

| | |
|---|---|
| /s/.  J. H. Bracken | John W. English |
| General Adjustment Bureau Inc. | General Adjustment Bureau Inc. |
| /s/.  Raymond T. Hudson | (Signature illegible) |
| J. E. Brenneman Co. | Philadelphia Coke Co. |
| /s/.  Nelson Kriebel | W. S. Wagner |
| J. E. Brenneman Co. | Philadelphia Coke Co. |
| | H. D. Miller |
| | Philadelphia Coke Co. |

Present but Did Not Sign

| | |
|---|---|
| /s/.  B. McKinney | /s/.  W. S. Reinheimer |
| Insurance Co. of North America | Frank R. Gunn Co. |
| /s/.  A. L. MacMoran | |
| Insurance Co. of North America" | |

Within a few days after the meeting, further discussions took place between the parties concerning other items of damage caused by the fire. On October 4, 1956, petitioners received notice from claimants' attorney of a claim for damage to the pier caused by the fire. Within six months of that date, on April 1, 1957, the petitioners filed their petition for exoneration from or limitation of liability.

Claimants contend, however, that the petition was filed too late, that is, more than six months after the petitioners received written notice of their claim. The basis for this contention is that the fourteen page document of July 25, 1956, constituted a written notice of claim within the meaning of the statute relating to limitation of liability. The pertinent part of this statute provides: "The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability * * *." The statute is to be liberally construed in favor of the ship owner. The Chickie, 3 Cir., 1944, 141 F.2d 80; Scheibel v. Agwilines, Inc., 2 Cir., 1946, 156 F.2d 636; Petition of Southern S. S. Co., D.C. Del.1955, 132 F.Supp. 316.

In the case of Petition of Anthony O'Boyle, Inc., D.C.S.D.N.Y.1943, 51 F.Supp. 430, at page 431, the court, in holding that a petition was not barred by the six months limitation period, said: "Although notice of claim need not be in any particular form, it must be such as to inform the owner of claimant's intention to look to the owner for damages." The fourteen page document before us does not inform the petitioners of claimants' demand of a right or supposed right; it does not hold petitioners to blame for any damage or loss or its responsibility for such; nor does it call upon them for something due the claimants. The document is nothing more than the listing in detail by the signers as surveyors of the extent of the damage to the pier. Never-

theless, claimants maintain that the petitioners knew that they sustained losses and that they were contending that petitioners were liable for them. This may be so, but the document in question does not inform petitioners of those facts. Mere notice or knowledge on the part of the vessel owner of damage or a loss and the identity of the one suffering the damage or loss is not enough. Petition of Hutchinson, D.C.E.D.N.Y.1938, 28 F. Supp. 519; The Belleville, D.C.E.D.N.Y. 1940, 35 F.Supp. 934; Petition of Anthony O'Boyle, Inc., supra. Hence, the document is not a written notice of claim within the meaning of the statute.

Accordingly, claimants' exceptive allegations seeking dismissal of the petition will be overruled.