259 F.2d 605
 Matter of the Petition of OSKAR TIEDEMANN & COMPANY For Exoneration From or Limitation of Liability.
Theodora Andanar, Widow of Thomas Andanar, Deceased, Etc., et al., Appellants.
 No. 12556.
 United States Court of Appeals Third Circuit.
 Argued June 5, 1958.
 Decided September 26, 1958.
 
 Abraham E. Freedman, Philadelphia, Pa. (Joseph Weiner, Freedman, Landy & Lorry, Harold Leshem, Philadelphia, Pa., on the brief), for appellants.
 T. E. Byrne, Jr., Philadelphia, Pa. (James R. Morford, Wilmington, Del., Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellee.
 Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.
 McLAUGHLIN, Circuit Judge.
 
 
 1
 This appeal concerns the construction of Admiralty Practice Rule 54, 28 U.S.C. p. 118.
 
 
 2
 On March 7, 1957, the Naval tanker USNS Mission San Francisco, operated by Mathiasen's Tanker Industries, Inc., a Delaware corporation, under a contract with the Military Sea Transportation Service, an agency of the United States Navy, and the S.S. Elna II, owned and operated by Oskar Tiedemann and Company, a Liberian corporation, were in collision in the Delaware River, below New Castle, Delaware. There was a resultant explosion aboard the Mission San Francisco which caused it to sink on the Delaware (west) side of the river. After the collision, the Elna II was tied to a jetty in the river near the point of collision and about March 10 was towed to a dry dock at Chester, Pennsylvania. On March 8, 1957, a number of civil actions were commenced against the Tiedemann and Mathiasen companies on behalf of crew members of Mission San Francisco in the United States District Court for the Eastern District of Pennsylvania. Additional suits were started later in that district for other crew members. On the same date a suit was started in the Southern District of New York against the Elna on behalf of the estate of one of the Mission's officers.
 
 
 3
 On March 18, 1957, the Tiedemann company libeled the Mission together with the United States and Mathiasen in the District of Delaware. The following day the United States and Mathiasen filed a cross libel against the Elna. That same day Tiedemann filed a petition in the Delaware district for exoneration or limitation of its liability as owners and operators of the Elna. On March 29, 1957, the United States and Mathiasen filed a similar petition, also in the Delaware district, as owners and operators of the Mission.
 
 
 4
 Appellants moved to dismiss the petitions or transfer the case to the Eastern District of Pennsylvania. The motions were denied by the district court October 7, 1957, 158 F.Supp. 470. This appeal and one in the Elna case (Petition of the United States), 259 F.2d 608, followed.
 
 
 5
 The basic contention against the petition for limitation is that it was not filed in accordance with Admiralty Rule 54. That rule reads:
 
 
 6
 "The said petition shall be filed and the said proceedings had in any District Court of the United States in which said vessel has been libeled to answer for any claim in respect to which the petitioner seeks to limit liability; or, if the said vessel has not been libeled, then in the District Court for any district in which the owner has been sued in respect to any such claim. When the said vessel has not been libeled to answer the matters aforesaid, and suit has not been commenced against the said owner, the said proceedings may be had in the District Court of the district in which the said vessel may be, but if said vessel is not within any district and no suit has been commenced in any district, then the petition may be filed in any District Court. The District Court may, in its discretion, transfer the proceedings to any district for the convenience of the parties. If the vessel shall have already been sold, the proceeds shall represent the same for the purposes of these rules. Amended June 21, 1948."
 
 
 7
 It is impossible with reason to misinterpret the plain language of the rule covering the circumstances before us, where the Elna had not been libeled. The rule states: "The said petition shall be filed and the said proceedings had * * * if the said vessel has not been libeled, * * * in the District Court for any district in which the owner has been sued in respect to any such claim." (Emphasis supplied.) At the time the Elna's owner entered its limitation proceeding the cross libel of the Mission against it had already been filed in the Delaware district court. The requirement of Rule 54 had thus been expressly fulfilled.
 
 
 8
 Appellants argue that the filing of suits on March 8, 1957, in the Eastern District of Pennsylvania fixed the venue for the future limitation proceedings as to both ships. No doubt but that their suits were first in time; they were filed the day after the collision. However, the ship owners by the limitation of liability statute, 46 U.S.C.A. § 185, had six months after notice of a claim has been given to or filed with them, in which to file their limitation petitions. And there is no restriction by Rule 54 to filing them in the venue of the first suit or suits. The Matter of the Petition of Southern Steamship Co., D.C.1955, 132 F.Supp. 316, 321, is cited for appellants' theory. There, in an admirable opinion, Judge Rodney, discussing a situation where one libel or suit had been filed, said: "* * * the Rules (Admiralty Rules) do not mean that the owner must await a libel or suit by a claimant before instituting limitation proceedings but mean if he should await such proceedings or if the libel or suit is filed, then the limitation proceedings must be filed in the District where such libel or suit was brought." That statement is not at all in conflict with our view of the Rule's language. Where there is just one suit or libel filed, the ship owner has no choice but to bring his petition in the only court where litigation in the particular matter is pending against his vessel. But where, as in this appeal, there are several causes of action pending when the limitation petition is to be filed, there is nothing in the rule which in any way indicates that it must or should follow the venue of the first suit or suits.
 
 
 9
 Aside from the reference to the Southern Steamship opinion, appellants' remaining complaint centers around the fact it was after the Pennsylvania district suits had been commenced that the Elna libeled the Mission in the Delaware district with the Mission cross libel and the limitation proceedings being filed thereafter also in Delaware. There is no indication in the record but that proper, lawyer-like courses were taken by the attorneys for the vessels. The Tiedemann action was rightfully in libel. As such, under Section 782 of the Public Vessels Act, 46 U.S.C.A. p. 573, it had to "* * * be brought in the district court of the United States for the district in which the vessel or cargo charged with creating the liability is found within the United States, * * *." The Mission since the collision had been a sunken wreck within the Delaware district. The later cross libel on behalf of the Mission was, as it should have been, docketed in the main action. With that cross libel filed there was no choice then under the rule but to file the Elna limitation proceeding in the Delaware district where the libel against that vessel was before the court.
 
 
 10
 The order of the district court of January 8, 1958, in the matter will be affirmed.