**Gloria RODRIGUEZ MOREIRA, Plaintiff,**

v.

**Marcel LEMAY, etc., et al., Defendants.**

v.

**Fidel MIGOYO, Third-Party Defendant.**

**Complaint of Marcel LEMAY re: M/V LOU LEE.**

**Nos. 85–1663 Civ., 85–3410–Civ.**

United States District Court, S.D. Florida.

March 27, 1987.

Presumably the mounting price of research in the computer age is one factor in increased billing rates for lawyers. To that extent, LEXIS has already been figured in these equations.

**90**

Andrew Waks, Miami, Fla., for plaintiff.

Joseph C. Martucci, Jorge Rodriguez-Chomat, Miami, Fla., for Garcia.

Ronald Fitzgerald, Fort Lauderdale, Fla., for Marcel & Jean Louis Lemay, M/V Lou Lee.

Elizabeth Clarke, Miami, Fla., for Marcel & Jean Louis Lemay.

### ORDER ON MOTIONS TO DISMISS

ATKINS, District Judge.

This Cause is before the Court on Plaintiff's Motion to Dismiss Amended Complaint for Exoneration and/or Limitation of Liability, and her Motion to Dismiss Amended Counterclaim and Petition for Exoneration. Upon consideration of the pleadings and the relevant law, it is

ORDERED AND ADJUDGED as follows:

1. The Motion to Dismiss Amended Complaint is DENIED.

 First, the Court finds that the letter sent by Plaintiff's counsel to Defendants, Marcel and Jean Louis Lemay and received by them on April 17, 1985 does not constitute sufficient notice of a claim to start running of the six month limitations period set by 46 U.S.C., section 185. Section 185 is to be liberally construed in favor of the ship owner. *The Chickie,* 141 F.2d 80 (3d Cir.1944). Although the notice of claim need not be presented in a particular form, it must inform the owner of the claimant's intention to seek damages from

the owner. *In re Anthony O'Boyle*, 51 F.Supp. 430, 431 (S.D.N.Y.1943). In *In re J.E. Brenneman Co.*, 157 F.Supp. 295 (E.D.Pa.1957), the court held that a document consisting of a list detailing the extent of damage to a pier caused by fire did not constitute notice of a claim within the meaning of the statute. In particular, the court noted that:

> The fourteen page document before us does not inform the petitioners of claimants' demand of a right or supposed right; it does not hold petitioners to blame for any damage or loss or its responsibility for such; not does it call upon them for something due the claimants.
>
> . . . . .
>
> Mere notice or knowledge on the part of the vessel owner of damage or a loss and the identity of the one suffering the damage or loss is not enough. (citations omitted)

157 F.Supp. at 297.

■ The letter received by the Lemays states that Plaintiff received injuries in a boat accident which require treatment and hospitalization, and it describes some of the circumstances relevant to the accident. It does not inform the Lemays of Plaintiff's demand of a right or supposed right, blame them for any damage or loss, or call upon them for something due Plaintiff. The fact that the Lemays may have known of Plaintiff's demand is irrelevant; the document must inform them of this fact. Therefore, because the Court finds that the letter does not constitute sufficient notice of a claim to start the running of the six month limitations period set by section 185, Defendants Complaint for Exoneration and/or Limitation of Liability is not time barred.

■ Second, the Court finds summary disposition of the issue of limitation of liability on a motion to dismiss is inappropriate where factual development on the issue of fault and the issue of ownership of the vessel is required to resolve the question of entitlement to limitation. *In re M/V Sunshine II*, 808 F.2d 762 (11th Cir.1987). In *Sunshine II*, the petition for limitation and/or exoneration from liability alleged that injuries and damages resulting from a collision between two vessels were the fault of the claimants, and were not caused or contributed to by the petitioners. The claimants answered by denying the petitioner's allegation of freedom of fault, and did not set forth particular faults as grounds for denying the petition. The court held that neither the allegations of freedom from fault or the general denial of those allegations were sufficiently detailed to resolve the issue of limitation and exoneration. The court reasoned that both the petition and the answer must set forth the facts upon which the issue would be resolved, in accordance with Supplemental Rule F(2). The court further noted that mere negligence on the part of an owner on board and operating his vessel at the time of a collision will not always establish privity and knowledge on his part. Rather, the court held that the two-step analysis for assessing entitlement to limitation set for in *In re Hercules Carriers, Inc.*, 768 F.2d 1558 (11th Cir.1985) must be applied to resolve the issue.

> First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness. [citation omitted]. Moreover, once a claimant satisfies the initial burden of proving negligence or unseaworthiness the burden of proof shifts to the shipowner to prove the lack of privity or knowledge.

768 F.2d 1563–1564.

As in *Sunshine II*, the Complaint for Limitation and/or Exoneration filed by Marcel Lemay alleges freedom from fault and lack of privity and knowledge on his part without setting forth facts upon which the issue would be resolved. Moreover, the claimant's answer does not set forth facts upon which freedom from fault could be denied. Rather, claimant's Motion to Dismiss merely states that limitation is precluded as a matter of law, on grounds that an owner who operates his own vessel is presumed to have privity and knowledge

and is therefore not entitled to limitation, and, further, that such privity and knowledge is imputed to a co-owner. Claimant relies on *In re Davis*, 1950 A.M.C. 1028 (N.D.Cal.1950) and *Fecht v. Makowski*, 406 F.2d 721 (5th Cir.1969). These holdings have clearly been limited by the decisions in *Hercules Carriers* and *Sunshine II*. These more recent cases clearly indicate that summary disposition of the Complaint for Limitation and/or Exoneration on claimant's Motion to Dismiss would be inappropriate here, since factual development on the issue of fault and on the issue of ownership of the vessel M/V Lou Lee are required to resolve this issue.

2. The Motion to Dismiss the Amended Counterclaim and Petition for Exoneration is GRANTED in light of the Court's order denying the Motion to Dismiss the Amended Complaint for Exoneration and/or Limitation of Liability.